THE STATE OF NEBRASKA, EX REL. GEORGE D. NO-BLE, V. HENRY SHELDON.

[FILED MAY 2, 1889.]

Practice: AFFIRMANCE OF JUDGMENT IN SUPREME COURT. Where a judgment of the district court has been simply affirmed in the supreme court, the clerk of the district court upon receiving a mandate to that effect may issue an execution on the original judgment.   On a simple affirmance no action of the trial court is necessary before issuing an execution.

ORIGINAL application for mandamus.

C. H. Sloan, for relator.

No appearance for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the defendant to issue an execution upon the affirmance by this

court of a judgment in the district court of which he is clerk. The relator alleges in his petition that: " The defendant is the clerk of the district court of Fillmore county, Nebraska; that there was a suit pending in said court between Martin E. Kinney, who was plaintiff, and William J. Yates, who was defendant; that on the 29th day of May, 1886, said plaintiff obtained a judgment in said cause against said defendant, William J. Yates, who brought the said cause to this court on a writ of error, where in due time the same was affirmed, and on the 19th day of February, 1889, the clerk of this court issued a mandate in due form to the district court of said Fillmore county, and said mandate is now on file in the office of said clerk of said court.

" On the 4th day of August, 1887, the plaintiff in said suit for value assigned said judgment to this relator, George D. Noble, which said assignment now is, and has been for a long time, on file in the office of the said defendant," etc. It is alleged that $100, has been paid on said judgment, and no more, and that the defendant refuses to issue an execution for the amount remaining unpaid. The defendant makes no defense, so that the only question is, Is it his duty, on a demand being made therefor, to issue an execution?

Section 594 of the Code provides that: " When a judgment or final order shall be reversed, either in whole or in part, in the supreme court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment; and the court reversing such judgment or final order, shall not issue execution in causes that are removed before them on error, on which they pronounced judgment as aforesaid, but shall send a special mandate to the court below, as the case may require, to award execution thereupon; and it shall be the duty of the judges of the supreme court to prepare and file their opinion in every case as brought before them, within sixty days after the decision of the same, and no mandate shall be sent to the court

below until the opinion provided for by this section has been filed. The court to which such special mandate is sent, shall proceed in such case in the same manner as if such judgment or final order had been rendered therein, and on motion and good cause shown, it may suspend any execution made returnable before it by order of the supreme court, in the same manner as if such execution had been issued from its own court; but such power shall not extend further than to stay proceedings until the matter can be further heard by the supreme court."

Where a judgment of a district court has been reversed or modified, and a mandate sent to that court to carry the modified judgment into effect, it then devolves on such court to carry out the requirements of the mandate, and no execution can lawfully be issued on the judgment until this has been done. In other words, it is the duty of the court below to enter the mandate and obey it. (*Levin v. Hanley,* Wright's R. 588.)

Where, however, the judgment of the court below has been simply affirmed, the writer, after a pretty careful examination of the cases, has been unable to find a single case where it was held necessary for the court to act upon such mandate before an execution could be issued. There would be nothing for the court to do. The judgment having been entered in that court, would have been carried into effect but for the appellate proceedings in the supreme court. When, therefore, such proceedings terminated in the unqualified affirmance of the judgment, and a mandate to that effect was issued to the trial court stating such affirmance and directing it to carry the judgment into effect, there certainly can be no impediment in the way of enforcing the judgment by execution.

The policy of the law is to have the practice as simple as is consistent with the protection of the rights of parties, and to impose no unnecessary conditions. To require the action of the trial court upon a mandate where there is

a mere affirmance of a judgment, would be imposing a needless condition, and cause a delay in many cases of many months in the issuing of an execution which has already been delayed for a considerable period by the appellate proceedings.

In *Howard v. Abbey,* 1 W. L. M. 278, it was held that where the judgment of the court below has been simply affirmed in the supreme court, the clerk of the court below, on being satisfied of that fact by the journal entry thereof in the supreme court, may issue an execution on the original judgment.

In *Earl's Lessee v. Shoulder,* 6 Ohio, 409, it was sought to enjoin an action in ejectment upon the ground that an execution had been issued without a mandate having been issued and entered of record; but a sale of the real estate had been had and confirmed under which one of the parties claimed title.   The bill was dismissed.

It is apparent that it is the duty of the defendant to issue an execution on the judgment in this case, and a writ of mandamus to that effect will be issued.

JUDGMENT ACCORDINGLY.

THE other Judges concur.