STATE OF NEBRASKA, EX REL. GREELEY COUNTY,
v. HENRY N. MILNE.

FILED FEBRUARY 15, 1893.   No. 5318.

1. De Facto Officer: PAYMENT OF SALARY: LIABILITY OF
COUNTY TO DE JURE OFFICER: MANDAMUS.   Where a county
has once made payment of the salary of a county office, to one
actually in possession of the office, performing its duties with
color of title, before his right to the office has been determined
against him by a competent tribunal, it cannot afterwards be
compelled to pay the same salary to the *de jure* officer.

ORIGINAL application for *mandamus*.

*B. F. Griffith, Coffin & Stone,* and *J. R. Swain,* for re-
lator.

*J. R. Hanna* and *Robert Ryan,* contra.

NORVAL, J.

This is an application to this court for a peremptory
writ of *mandamus,* to compel the respondent, ex-county
treasurer of Greeley county, to pay into the treasury of
said county certain moneys received by him as the treas-
urer of said county, which he failed to pay over to his suc-
cessor in office.   After the issues were made up, the cause
was referred to Thomas J. Welty, Esq., to take the testi-
mony and report the same to the court, with his findings
of fact.   The referee, after having heard the testimony,
made and returned to this court his findings.

The material facts found by the referee, stated briefly,
are these: On the 5th day of November, 1889, the re-
spondent, Henry N. Milne, and one E. F. Cashman were
opposing candidates for the office of treasurer of Greeley
county, in this state.   On a canvass of the votes of the
county, the canvassing board found that the respondent

had received a majority of the votes cast at said election
for said office, and a certificate of election was duly issued
to him, on November 12, 1889. The respondent sub-
scribed to and took the oath of office required by law, and
executed and filed his official bond with the proper officer,
which bond was approved on the 21st day of November,
1889. Soon after the canvass of the votes was had, Cash-
man instituted proceedings to contest the election. A trial
was had and, on the 7th day of January, 1890, the county
court of said county found that said Cashman was duly
elected to and was entitled to the office. From this decision
respondent removed the case to the district court by appeal,
and on the 27th day of October, 1891, the district court,
on the evidence adduced, found that respondent received
at said election 407 votes and Cashman 403, and the lat-
ter being in possession of the office, it was adjudged that
he be forthwith removed therefrom, and that respondent
be installed in said office. From the judgment so rendered
no appeal was taken, and respondent entered upon the per-
formance of the duties of the office on the 28th day of
October, 1891, and held the office and received the emol-
uments thereof until the expiration of his term. After
the decision of the county court, Cashman qualified and
took possession of the office, performed the duties and ex-
ercised the functions thereof, and received from the county
the fees and salary belonging to the office until he was re-
moved by the said judgment of ouster. At the expiration
of respondent's term as county treasurer, he retained in his
hands, of the moneys collected by him for said county, the
sum of $2,783.95, which he refused to pay over to his
successor, claiming the same as fees and salary of the office
for the period he was excluded therefrom. Respondent
has been paid the fees and emoluments of office during the
time he exercised the duties of the office.

It will be observed that the respondent claims he is en-
titled to retain the money in controversy as fees and emol-

uments of the office of county treasurer of Greeley county during the time it was in the possession of Cashman, the latter having already received the compensation which attached to the office while the duties of the office were performed by him. The question presented for determination is, whether a *de jure* county officer can recover the salary or compensation which attaches to the office while it is in the possession of an officer *de facto*, who, before any judgment of ouster has been rendered against him, has been paid by the county the salary of the office. The question has never been passed upon by this court, and the decisions in other states are conflicting and irreconcilable. In establishing a precedent we shall adopt the rule which to us seems the best supported by reason and in harmony with judicial principles. The doctrine that the acts of an officer *de facto* are valid, so far as they affect third parties and the public, is so familiar and well settled that no citation of authorities is necessary to show it. The acts of such officer are sustained upon the ground that to question them would devolve upon every person transacting business with the officer the duty of determining for himself, at his peril, the right of the incumbent to the office he holds. Third parties assume no such risk. They are not bound to know that the person exercising the functions of a public office under color of authority is rightfully in possession of the office, but are warranted in recognizing him as the legal and valid officer, and are justified in dealing with him as such. If a person pays to a *de facto* officer the fees allowed by law for his services, he is protected, and will not be compelled to pay them the second time to the officer *de jure*. We think the same principle should govern in a case like the one at bar. Cashman was the *de facto* county treasurer of Greeley county, and performed the duties of the office under color of title from January 9, 1890, to October 28, 1891, during which time he received all the emoluments which attached to the office.

He took possession of the office in good faith by virtue of the decision in his favor of the contest court, and continued to occupy the office until the respondent was declared to be entitled to the same by virtue of a judgment of ouster obtained by him against Cashman on the final determination of the appeal in the contest case by the district court. The county board in settling with Cashman, and allowing him the fees and salary provided by law for the period during which he performed the duties of the office, the same having been made before the respondent came into possession, had a right to rely upon the apparent title of Cashman, and to treat him as an officer *de jure*. The board was justified in allowing him the emoluments of the office upon that assumption, and the county cannot be compelled to pay them again. We are aware that courts of high authority have sustained the contrary doctrine, but the decided preponderance of authorities support the conclusion we have reached. (*Steubenville v. Culp*, 38 O. St., 18; *Wayne Co. v. Benoit*, 20 Mich., 176; *Parker v. Supervisors of Dakota County*, 4 Minn., 30; *Dolan v. Mayor*, 68 N. Y., 274; *Mc Veany v. Mayor*, 80 Id., 185; *Terhune v. Mayor*, 88 Id., 247; *Hagan v. City of Brooklyn*, 126 Id., 643; *Saline Co. v. Anderson*, 20 Kan., 298; *Gorman v. Boise Co.*, 1 Idaho, 655; *Shaw v. County of Pima*, 18 Pac. Rep. [Ariz.], 273; *State v. Clark*, 52 Mo., 508; *Westberg v. City of Kansas*, 64 Id., 493; *Shannon v. Portsmouth*, 54 N. H., 183.)

The Michigan case was this: Emil P. Benoit and George Miller were candidates for the office of county treasurer. The latter was declared elected by the county canvassers and entered upon the performance of the duties of the office on the first day of January, 1867, and continued in such performance until November following, when, by a judgment of ouster, Benoit was declared entitled to the office. The board of county auditors, having settled with Miller and allowed him the salary for the actual time he

held the office, refused to allow the salary for the same period to Benoit. The latter at the close of his term withheld and refused to pay to his successor $2,583.33, that being the amount of salary for the time he was excluded from the office. In an action on his bond by the county to recover the sum so withheld, it was decided that he could not exact salary for the time Miller was actually in office.

*Saline County v. Anderson, supra,* was an action brought by Anderson against the county to recover $900 claimed to be due as salary as county clerk from January 10 to October 10, 1876. It appears that Anderson and one Wildman were opposing candidates for county clerk. The former received a majority of the votes and was awarded the certificate of election. The election was contested and the contest court decided in favor of Wildman, awarding him the certificate of election and annulling Anderson's. Wildman qualified and took possession of the office on January 10. Anderson prosecuted error to the district court, and the judgment of the contest court was reversed. Wildman thereupon appealed to the supreme court, where the judgment of the district court was affirmed on December 5, 1876, and the office was delivered to Anderson. Wildman was paid the salary and fees of the office up to October 10, although the county board had during all the time full knowledge that the title to the office was in litigation and that the clerk *de facto* was insolvent. It was held that the clerk *de jure* had no cause of action against the county for such salary. Valentine, J., in delivering the opinion of the court, says: "Now as Wildman was an officer *de facto*, holding under color of title, every person had a right to recognize him as a legal and valid officer, and to treat him as such. The public, the county, the county commissioners, and private individuals had a right to do business with him as an officer, and to pay him for his services if they chose, without taking any risk of having to pay for such services a second time. It might be greatly to the interest of the public, or

23

of the individuals doing business with such officer, to pay
him when his fees or salary become due; and should they
not be allowed to consult the interest of the public and their
interests to so pay him? It is not their fault that he is
wrongfully in the possession of the office; and how are they
to know whether he is in the possession of the office right-
fully or wrongfully? Are they bound to know who is en-
titled to the office in advance of any final adjudication of the
question by the courts? Are they bound to anticipate the
decision of the courts? And are they bound to decide the
question for themselves, as it thus comes up incidentally and
collaterally in the payment of fees or salary? And if they
should determine that the courts would eventually decide
against the officer *de facto*, must they refrain from paying
him any fees or salary at perhaps a great loss to themselves
or to the public? * * * Now, the interest of the pub-
lic, in the 'continuous discharge' of official duties, would
authorize the payment of the legal fees or salary for the
performance of such official duties to the person perform-
ing the same; and to allow a person not in the possession of
the office, but who claims to be entitled thereto, to sue for
the fees or salary thereof, would be to allow the question of
the title to the office to be raised and determined against
the officer *de facto* in a controversy in which he was not
a party, and in which he could not be heard? Such cer-
tainly could not be allowed. But if this suit can be main-
tained, then it would be allowed. * * * It must be
remembered that Wildman was not a mere usurper; but he
was an officer *de facto*, having possession of the office un-
der color of title. What would be the rule if he were a
mere usurper, it is not necessary for us to decide in this
case. All that we now decide is, that where a person is in
the possession of the office of county clerk, under color of
title, and is the county clerk *de facto*, and claims to be the
county clerk *de jure*, and the board of county commission-
ers pays to him the salary due to the rightful incumbent of

such office, the county clerk *de jure* has no action against the county board for such salary, and this notwithstanding the fact that the county board may have known at the time they paid said salary that the question as to the title of the office was in litigation, and notwithstanding the fact that the county clerk *de facto* may be insolvent. The remedy of the county clerk *de jure* in such a case is an action against the county clerk *de facto.*"

The supreme court of New York in *Dolan v. Mayor, supra,* in passing upon a case quite similar to the one at bar, held that the payment of the salary to an officer *de facto,* made while he was in possession, is a good defense to an action by the *de jure* officer to recover the same salary. This decision has been followed with approval by the same court in subsequent cases.

We are of the opinion that the respondent is not entitled to the money retained by him. He must pay the same to the county treasurer of Greeley county. A peremptory writ is allowed as prayed.

WRIT ALLOWED.

THE other judges concur.