F. M. HALLOWELL, APPELLANT, v. BUFFALO COUNTY, APPELLEE.

FILED MAY 5, 1917. No. 19479.

1. **Judges: DE FACTO OFFICERS.** A county judge was removed from office by a judgment of the district court declaring the office vacant. After three days the county board duly appointed another person to fill the vacancy. He qualified, took possession of the office, performed its duties, received its fees, and was generally recognized as the one in authority. Afterwards, on appeal, the judgment of ouster was held void, and the duly elected official was reinstated in office. *Held*, that the appointee of the county board performed the duties of the office with color of title and was officer *de facto*.

2. ———: ———: SALARY. "Where a county has once made payment of the salary of a county office, to one actually in possession of the office, performing its duties with color of title, before his right to the office has been determined against him by a competent tribunal, it cannot afterwards be compelled to pay the same salary to the *de jure* officer." *State v. Milne*, 36 Neb. 301.

3. **Appeal: REVERSAL: MANDATE.** "When the judgment of a district court is reversed, a mandate is the proper and legal mode of communicating the judgment and directions of the supreme court to such district court." *Horton v. State*, 63 Neb. 34.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. M. Sinclair* and *T. F. Hamer*, for appellant.

*Albert B. Tollefsen*, contra.

CORNISH, J.

Plaintiff was removed from the office of county judge June 15, 1913, by a judgment of the district court declaring the office vacant. After three days, no one in the meantime performing the duties of the office, the county board appointed one Morrison to fill the vacancy. He duly qualified, took possession of the office, performed its duties, received its fees, and was generally recognized as *de facto* officer until February 5, 1914, when, by mandate from the supreme court, he was removed, and plaintiff reinstated in the office. In the supreme court's decision it was held that the district court was without jurisdiction of the subject-matter, and its judgment would therefore be void. *Conroy v. Hallowell,* 94 Neb. 794. Plaintiff brings this action to recover from the county his salary, $1,053.85, being the amount paid by the county to Morrison during the time he was removed from office.

In *State v. Milne,* 36 Neb. 301, we held: "Where a county has once made payment of the salary of a county office, to one actually in possession of the office, performing its duties with color of title, before his right to the office has been determined against him by a competent tribunal, it cannot afterwards be compelled to pay the same salary to the *de jure* officer."

The acts of such an officer are valid, and are sustained upon the ground that it would be intolerable that the general public, having business to do with the office, should be required to determine at their peril who is the rightful incumbent. The county board, in allowing such an officer his fees and salary, has a right to rely upon his apparent title and to treat him as an officer *de facto*. The board being justified in allowing him the emoluments of the office, the county cannot afterwards be compelled to pay them again.

Because the judgment of the district court, removing him from office, was finally found to be void, and because Morrison was an appointee of the county board, plaintiff disputes the proposition that Morrison was a *de facto* officer, or

held under color of title, and contends that he should be treated as an intruder or usurper of the office, and that the county should be required to pay plaintiff what would have been due him as salary. While we must agree with the plaintiff that the judgment of the district court was void and a nullity in so far that probably no rights could be predicated upon it, yet it was a fact and circumstance in the case upon which persons could and did act. Was not the plaintiff himself justified in not attempting to resume the office, or to continue to exercise its functions, until the case had been finally decided? And, likewise, was not the board justified in believing that the judgment had created a vacancy, and in acting upon that belief at a time when there was no one assuming the responsibilities of the office?

We agree that mere possession of an office is not sufficient to make the incumbent a *de facto* officer. To constitute one a *de facto* officer he must have color of title, or his possession must be acquiesced in by the public generally. In this case, we are of opinion, these conditions existed. Morrison acquired color of title by reason of the district court's decision purporting to create a vacancy and by reason of his appointment by the board, a body authorized by law to fill vacancies. He was recognized as the incumbent by the public and the authorities generally. As above stated, if plaintiff recognized such a situation as existing, others are not to be blamed for doing so. Whether a legal vacancy existed or not, all the colors that the view presented to the eye at that time indicated that it did; everybody acted accordingly, and we are of opinion that Morrison became a *de facto* officer.

A void judgment is analogous to a constitutional act. It is held in *State Bank of Pender v. Frey,* 3 Neb. (Unof.) 83: "An unconstitutional act attaching territory to a county, accepted and acquiesced in, will suffice to render the acts of the register of deeds of such county, as to such territory, done before the law was declared unconstitutional, acts of a *de facto* officer."

Does the fact that the county board appointed Morrison make any difference as to the liability of the county to the plaintiff for his fees? We think not. It is argued that the basis of the rule touching what constitutes a *de facto* officer is protection of the innocent. That may be true. Ordinarily, and here, the taxpaying public are among the innocent. The public needs required that the office should be filled. The county board would be derelict in its duty if it failed to see that it was properly filled. When the trial judge had declared the office vacant, the board could not wait for the judgment on appeal before acting. In *Berryman v. Schalander,* 85 Neb. 281, we held: "A county board or board of county commissioners are clothed, not only with the powers expressly conferred upon them by statute, but they also possess such powers as are requisite to enable them to discharge the official duties devolved upon them by law."

If the board, acting as the agents of the county, had in bad faith used its official powers fraudulently to put one in office who was a mere intruder or usurper, and paid him the salary, the case would be different. In this respect the instant case is distinguished from *Warden v. Bayfield County,* 87 Wis. 181, relied upon by the plaintiff. No fraudulent act of the officials, acting as such, removed plaintiff from his office. That was done by the judgment of the court.

Forty-three days elapsed between the time of the decision of the supreme court and the time when the mandate, issued February 3, 1914, reached the district court of Buffalo county, when plaintiff was reinstated in his office. Under the decisions in *State v. Sheldon,* 26 Neb. 151, and *Horton v. State,* 63 Neb. 34, it appears that the judgment of the supreme court would not be final or officially known to the proper officers in Buffalo county, so that they would be required to execute the judgment, until the mandate was filed on February 5, 1914.

The judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.