KELLY M. HOGAN, APPELLANT, V. GARDEN COUNTY, NEBRASKA, A NEBRASKA POLITICAL SUBDIVISION, APPELLEE.

686 N.W.2d 356

Filed September 10, 2004.    No. S-03-338.

Kelly M. Hogan, pro se.

Philip E. Pierce, of Pierce Law Office, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Kelly M. Hogan, a former county attorney, appeals the district court's order that denied him compensation when he was wrongly removed from office. The court determined that payment by the county to the de facto officers who replaced Hogan during that period was a defense to Hogan's lawsuit. We agree that payment by a governmental body to a de facto officer is a defense to suit brought by the de jure officer for payment of salary and benefits when he or she was removed from office. Accordingly, we affirm.

## BACKGROUND

The parties stipulated to the following facts: In December 1993, the Garden County Board of Commissioners set the annual salary for the county attorney. In November 1994, Hogan was elected county attorney for Garden County and was sworn in on January 5, 1995.

In March 1995, Eugene J. Hynes, Hogan's opponent in the general election, filed an action to remove Hogan from office. Hynes alleged that because Hogan did not reside in Garden County, he was guilty of official misconduct. In June, the district court found Hogan guilty of misconduct, declared the office vacant, and removed Hogan from office. Garden County then appointed Douglas D. Palik to serve as interim county attorney; Palik served in that capacity until November 1996 and was paid $38,151.92. Garden County then appointed Patrick C. McDermott who served until January 1997 and was paid $1,637.50. Hogan did not receive salary or benefits during the period he was removed from office.

Hogan appealed, and the Nebraska Court of Appeals reversed, and remanded for further proceedings. *Hynes v. Hogan*, 4 Neb. App. 866, 553 N.W.2d 162 (1996). On further review, we reversed and vacated the judgment removing Hogan from office and reinstated him as the Garden County Attorney. *Hynes v. Hogan*, 251 Neb. 404, 558 N.W.2d 35 (1997).

Hogan resumed office in January 1997. In December 1997, he filed a claim with the Garden County Board of Commissioners seeking salary and employment benefits for the period of his

removal. The parties have stipulated the amounts and benefits that Hogan would be entitled to; because the amounts are not pertinent to our analysis, we do not set them out. The Board tabled Hogan's request and took no further action; Hogan resigned as county attorney in November 1998.

Hogan filed suit seeking payment of salary and benefits for the time that he was removed from office. The district court granted the county's motion for summary judgment, and we reversed, and remanded in part. *Hogan v. Garden County*, 264 Neb. 115, 646 N.W.2d 257 (2002). On remand, the court denied Hogan payment and dismissed the petition. Hogan appeals.

## ASSIGNMENTS OF ERROR
Hogan assigns, rephrased and consolidated, that the district court erred by concluding that Garden County was not required to pay his salary and benefits during the time he was removed from office and dismissing his cause of action.

## STANDARD OF REVIEW
Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Mogensen v. Board of Supervisors, ante* p. 26, 679 N.W.2d 413 (2004).

## ANALYSIS
Hogan argues that he is entitled to salary and benefits while he was removed from office; he contends that entitlements of public office are property and that he cannot be denied his salary without due process. The parties do not dispute that the replacement officers were the de facto officers and that Hogan was the de jure officer during the period he was removed from office. The county argues, however, that payment of salary and benefits to the replacement officers is a defense.

A split of authority exists whether payment to a de facto officer by a governmental body is a defense to a suit brought by the de jure officer who seeks to recover salary for the period he or she was not performing the duties of the office. Most jurisdictions hold that payment to the de facto officer is a defense. See Annot., 64 A.L.R.2d 1375 (1959) (consolidating cases).

We first addressed payment to a replacement county official as a defense in 1893. *State, ex rel. Greeley County v. Milne*, 36 Neb. 301, 54 N.W. 521 (1893). In *Milne*, a county treasurer, Henry N. Milne, was unlawfully denied office because an election opponent filed a lawsuit; during that period, his opponent served and received compensation. After Milne was reinstated in office and served his term, he refused to pay the money he received as treasurer to his successor, claiming that the amount represented the pay he was entitled to while he was wrongfully kept from office. The county sought return of the money.

■ Addressing payment as a defense, we recognized a split of authority existed, but concluded that the majority rule was more persuasive. We stated we would adopt as precedent the rule "best supported by reason and in harmony with judicial principles." *Id.* at 303, 54 N.W. at 522. We noted that a county who pays a de facto officer is not required to know whether the officer is legally in possession of the office. And yet, the county is legally required to recognize the person serving as the legal and valid officer. Thus we held that "[i]f a person pays a *de facto* officer the fees allowed by law for his services, he is protected, and will not be compelled to pay them a second time to the officer *de jure*." *Id.*

In *Hallowell v. Buffalo County*, 101 Neb. 250, 162 N.W. 650 (1917), we again addressed payment as a defense concerning facts nearly identical to the present appeal. F.M. Hallowell was wrongly removed from the county judge's office and another person was appointed to fill the vacancy. Hallowell was later reinstated to the position and brought suit seeking payment of his salary for the time that he was removed from office. Applying *Milne, supra*, we determined that the replacement judge was the de facto officer while Hallowell was removed; thus, we denied Hallowell recovery.

Hogan argues that *Milne* and *Hallowell* were overruled by *Fraiser v. Dundy County*, 115 Neb. 372, 213 N.W. 371 (1927). We disagree. In *Fraiser*, an elected county judge became ill and another person was appointed to perform his duties; however, the judge was not removed from office. The replacement sought payment, and the county raised as a defense its payment of the salary to the regularly elected judge. The issue in *Fraiser*, however, was whether the temporary replacement for an ill judge was statutorily

entitled to compensation. We determined that the statute in effect at that time did not provide for compensation to a temporary replacement. *Fraiser* did not discuss *Milne* or *Hallowell* and did not address the issue of payment to an elected officer who has been removed from office and replaced by a de facto officer. Instead, *Fraiser.* concerned a temporary replacement under statutory provisions, and we held that the county was required to pay the salary only once. We determine that *Frasier* did not overrule *Milne* and *Hallowell*, nor does it hold that Hogan is entitled to compensation while he was removed from office.

Hogan also contends that the Legislature overruled *Milne* and *Hallowell.* He relies on a statute concerning removal from office when an officer is incarcerated. That statute specifically states that the removed officer is not entitled to compensation. Other statutes are silent about compensation. See Neb. Rev. Stat. §§ 23-2013 (Reissue 1997) and 32-560 (Cum. Supp. 2002). Hogan inferentially argues that because the other statutes are silent regarding compensation, the Legislature intended that an officer who was removed for reasons other than incarceration must be compensated.

■ We have reviewed Hogan's statutory arguments and conclude that they are without merit. It is not within the province of the courts to read a meaning into a statute that is not there. *Kubicek v. City of Lincoln*, 265 Neb. 521, 658 N.W.2d 291 (2003). Section 32-560 states that an office shall be vacant when an official is removed from office. It is silent about compensation. We do not agree that the Legislature's provisions in § 23-2013 denying compensation when an official is incarcerated show an intent to provide compensation in all other instances.

Hogan also argues that he has a property right in his salary and benefits. Here, Hogan was removed from office and other persons acted as the de facto officers after Hogan was removed. The replacements were paid by the county. We have never recognized that a salary for service in public office is a property right. Hogan's argument is without merit.

Hogan asks us to overrule *State, ex rel. Greeley County v. Milne*, 36 Neb. 301, 54 N.W. 521 (1893), and *Hallowell v. Buffalo County*, 101 Neb. 250, 162 N.W. 650 (1917), for public policy reasons. We decline to do so. The county has received only one

service and should not be made to pay for it twice. Further, the county should be able to rely on a de facto officer's apparent title when making payment for services rendered. See, *Milne, supra*; 64 A.L.R.2d, *supra*. We further note that the county was not a party to the proceeding to remove Hogan from office and is not accountable for his wrongful removal from office.

## CONCLUSION

We conclude that the county's payment to the de facto officers while Hogan was removed from office was a defense to Hogan's suit seeking payment of salary and benefits for the period he was removed. Accordingly, Hogan is not entitled to recover.

AFFIRMED.