Parsons *et al. v.* Durand.

PARSONS ET AL. *v.* DURAND.

[No. 18,275.   Filed April 5, 1898.]

INJUNCTION.—*Officers.—Title to Office.—Municipal Corporations.*— Injunction is the proper remedy to prevent the intrusion of a claimant to an office occupied by another under claim of right, where the question of title to the office is not involved. *p. 204.*

QUO WARRANTO.—*Officers.—*A *quo warranto* proceeding is the proper action to test the right to an office where the title thereto is involved. *p. 204.*

MUNICIPAL CORPORATIONS.—*Common Council.—When Acts Not Legislative.—*The determination of the legal rights of adverse claimants to an office and the ejection of the incumbent thereof are not legislative functions of a city council, but are acts within the province of the judiciary. *pp. 204, 205.*

From the Miami Circuit Court.   *Affirmed.*

*Milton Kraus, Bailey & Lawrence, Loveland & Loveland* and *James F. Stutesman,* for appellants.

*John Mitchell, Frank D. Butler* and *Charles A. Cole,* for appellee.

HACKNEY, J.—At the May election in the year 1894, Jesse S. Zern was elected to the office of mayor of the city of Peru, and served in said office until the 9th day of May, 1896, when he departed this life.   On the evening of May 9, 1896, the appellee, Orson Durand, was chosen to fill the vacancy in said office, and, giving bond and taking the oath of office, entered upon the duties of said office.   On the 12th day of May, 1896, the appellant, Charles A. Parsons was chosen to fill said vacancy, and also executed a bond and took the oath of office.   Thereupon the appellee sought and obtained a restraining order against the appellant Parsons and his co-appellants, members of the common council and clerk of said city, whereby they were forbidden to recognize Parsons as mayor, or to refuse recognition to Durand as such officer, or to

expunge the order of selection of said Durand.   There was much in the pleadings, and there is here considerable discussion, concerning the right of those making the selection of Durand to perform the functions of councilmen.   That question related to the time of the beginning of the term of the successors in office of the councilmen participating in the action of May 9, 1896. Successors had been elected on the 5th day of May, 1896; and as to whether their terms should begin immediately upon qualifying, or from and after the 10th day of May, the day of the month on which the terms of their predecessors began, depending upon a construction of the act of February 11, 1893, known as the "McHugh Law" (Acts 1893, p. 50).   By the decision of the circuit court the appellants were enjoined from interfering with the exercise, by the appellee, of the duties of the office until the title thereto should be determined by proper legal proceedings.

Counsel for the appellants insist that *quo warranto*, and not injunction, was the proper remedy, and that injunction against the appellants is an unauthorized interference by the judiciary with the exercise of legislative functions.   If the decision of the lower court had involved the question of the title to the office of mayor, the first of the propositions stated would be correct, as we held in the recent case of *Carmel, etc., Co.* v. *Small, post,* 427.   The decision involved no such question, but expressly recognized the unsettled question of title, and stayed the intrusion of one claimant into the office against one occupying the office upon a claim of right.   In such case injunction is the proper remedy.   *City of Huntington* v. *Cast,* 149 Ind. 255, and cases there cited.   See, also, *Brady* v. *Sweetland,* 13 Kan. 41.

The second proposition stated, we may answer by saying that the common council of a city in taking

the law into its own hands, deciding upon the legal rights of adverse claimants to an office, and enforcing its decision by a short method of ejecting the incumbent is not in the performance of a legislative function, but is trespassing upon the territory of the judiciary.   The selection of Mr. Parsons, even if it were a legislative function, was not restrained nor sought to be restrained.

Nor do we observe any force in the contention that it did not appear that Durand was eligible to hold the office.   That question has its proper place in a legal proceeding to contest the right to the office, and does not arise in a suit to restrain the appellants from ousting him without legal process.   No error appearing in the record, the judgment is affirmed.