[No. 5461.]
[No. 3131 C. A.]

THE BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY v. ROHDE ET AL.

**Offices and Officers—De Facto Officer—De Jure Officer—Which Entitled to Salary—Counties.**

The county board of canvassers issued a certificate of election to R. as county treasurer, and his opponent S. successfully contested for the office in the county court, and was seated and drew salary for six months, at the end of which time the appellate court reviewed the county court's decision and R. took the office and deducted from the fees, in excess of his current salary, the salary for the six months S. had held the office. Held, that the county was not liable to R., the de jure treasurer, for such salary, having paid the same to S., the de facto treasurer. —P. 260.

*Appeal from the District Court of El Paso County. Hon. Edward C. Stimson, Judge.*

Action by the board of county commissioners of El Paso County against W. E. Rohde and The Fidelity and Deposit Company of Maryland. From a judgment for defendants, plaintiff appeals.

*Reversed and remanded.*

Mr. R. L. CHAMBERS, and Mr. ROBERT KERR, for appellant.

No appearance for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Defendant Rohde and one Steinmetz were rival candidates for the office of county treasurer of El Paso county at the election held in November, 1897. The defendant Rohde was, by the board of canvassers of said county, declared elected for the term beginning January 1st, 1898, and received a certificate of election. About the first of December, 1897, Steinmetz instituted a contest against Rohde to determine the right to hold such office. Upon the sixth day of January, 1898, the county court of El Paso county, in which the contest proceeding was pending, gave judgment that Steinmetz was elected, and Rohde took an appeal to this court. In July, 1898, this court reversed the judgment of the county court and determined that Rohde was elected instead of Steinmetz (*Rohde v. Steinmetz*, 25 Colo. 308). After this decision was rendered defendant Rohde came into possession of the office. Steinmetz held the office from the first of January until some time in July, and received from plaintiff the salary pertaining to the office for that time, amounting to $1,750.00. About the first of October defendant Rohde took out of the fees and other emoluments coming into his office the sum of $1.750.00 as compensation to himself as treasurer during the period from the first of January until the first of July, and reported his action to the plaintiff. Plaintiff demanded the return of the money to the public funds of the county. Defendant Rohde refused to comply with the demand and this action was brought against him and his surety the defendant company. The matter was submitted to the district

court for judgment upon the pleadings. The district court rendered judgment in favor of the defendants, and plaintiff appeals.

There is only one question presented in the case, and that is as to whether or not an officer *de jure* can recover from a county salary paid by the county to the officer *de facto* during the period that the officer *de jure* was kept from the office. One phase of this question was before the court of appeals in the case of *Henderson v. Glynn,* 2 Colo. App. 303. In that case Glynn and Allen were rival candidates for the office of district judge. Glynn received the certificate of election, and Allen instituted contest proceedings. Pending these proceedings Henderson, as state auditor, declined to draw warrants for the payment of the salary of Glynn, the purpose of resisting the payment being to protect himself and the state against double payment of the same salary. Glynn brought an action of mandamus against Henderson to compel him to draw the warrants. The court of appeals said:

"Under existing facts and the authorities, both he and the state would be amply protected in paying the salary to the incumbent. That he is judge *de facto,* in possession of the office and in the discharge of his duties, under color of an election, and holding all the evidence of being there rightfully, is admitted or unquestioned. In *Terhune v. Mayor,* 88 N. Y. 251, it is said: 'It is no longer open to question in this state that payment to a *de facto* officer, while he is holding the office and discharging its duties, is a defense to an action brought by the *de jure* officer to recover the same salary.' "

If the state could be compelled to pay the salary of the party holding the office pending the contest proceedings, as was done in the case of *Henderson v. Glynn, supra,* then it follows as a matter of course that the officer *de jure,* upon the termination of the

contest in his favor, could not recover the salary from the state or county. The people cannot be compelled to pay twice for the same services. To the same effect as the doctrine in *Henderson v. Glynn*, see: *In re Havird*, 24 Pac. 542 (Idaho) ; *Commissioners of Saline Co. v. Anderson*, 20 Kan. 298; *Shaw v. County of Pima*, 18 Pac. 273 (Arizona) ; *McVeany v. Mayor of N. Y.*, 80 N. Y. 185; *McDonald v. City of Newark*, 58 N. J. L. 12; *Greeley Co. v. Milne*, 36 Neb. 301, 19 L. R. A. 689; *County of Wayne v. Benoit*, 20 Mich. 176; *Michel v. City of New Orleans*, 32 La. 1094.

The states holding contrary views are California, Pennsylvania, Maine and Tennessee. The great weight of authority is in favor of the doctrine that the county, having paid the officer *de facto*, cannot be held to pay the officer *de jure* for the same period, and if defendant Rohde could not recover judgment against the county for his salary during the period when the office was held by Steinmetz, it follows as a matter of course that he had no right to pay himself out of the public funds. Consequently, the judgment of the district court should have been for the plaintiff and not for the defendants. It will therefore be reversed and remanded with instructions to enter judgment in favor of the plaintiff and against the defendants, according to the prayer of the complaint.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.