## City of Terre Haute *v.* Burns.

[No. 9,279. Filed June 19, 1917. Rehearing denied October 25, 1917.
Transfer denied December 17, 1918.]

1. TRIAL.—*Special Findings.—Scope.—Evidentiary Facts.*—Evidentiary facts should not be set forth in a special finding, but only the ultimate, issuable facts, inferred and found by the trial court from the evidence, should be stated. p. 10.

2. TRIAL.—*Special Findings.—Statute.*—Where there was no dispute about the evidence, but there was no agreement as to the ultimate, issuable facts, which were found and stated by the court, there was a substantial compliance with §577 Burns 1914, §551 R. S. 1881, relating to special findings of fact by the trial court. p. 10.

3. OFFICERS.—*Salary.—Performance of Duties.*—The salary of a public office belongs to the person occupying or holding the office as an incident thereto, and does not depend upon his performance of the duties of the office. p. 15.

4. OFFICERS.—*De Jure Officer.—Action for Salary.*—When a *de facto* officer is in possession of the office, and discharging its duties under color of right, a person claiming to be the *de jure* officer, and as such entitled to the possession and control of such office, cannot maintain an action against a city or municipality for the salary attached to such office without first establishing his right to the office by *quo warranto* proceedings, since to permit him to do so would involve the determination of the title to an office in a collateral proceeding to which the person in charge of the office under a color of right was not a party. p. 15.

5. MUNICIPAL CORPORATIONS.—*City Civil Engineer.—Appointment and Removal.—Authority of Mayor.—Statutes.*—Under §2, Art. 15 of the Indiana Constitution, providing that when the duration of any office is not provided for by the Constitution, it may be declared by law, and, if not so declared, the office shall be held during the pleasure of the authority making the appointment, and §8682, cl. 7, Burns 1914, Acts 1905 p. 219, §80, providing that it shall be the duty of the mayor in cities of the first, second, third and fourth classes, to appoint the heads of departments, and he shall make such other appointments as may be provided by the law or by the ordinances of any city, etc., the city civil engineer of Terre Haute, having been appointed by the mayor pursuant to §8695 Burns 1914, Acts 1913 p. 847, held office

during the pleasure of the mayor, and was removable, under §8682 Burns 1914, by notification from the mayor to that effect and the sending of a message to the council stating his reasons from such removal. p. 16.

6. OFFICERS.—*De Facto Officer.*—A *de facto* officer is one who has the reputation or appearance of being the officer he assumes to be but who in fact under the law has no right or title to the office he assumes to hold, and he is distinguished from a mere usurper or intruder by the fact that the former holds by some color of right or title, while the latter intrudes upon the office and assumes to exercise its functions without either the legal title, or color of right, to such office. p. 17.

7. OFFICERS.—*De Facto Officer.*—Where one is actually in possession of a public office and is discharging the duties thereof, the color of right which constitutes him a *de facto* officer may consist in an election or appointment, holding over after the expiration of his term, or by acquiescence by the public for such length of time as to raise the presumption of a colorable right by election, appointment, or other legal authority to hold such office. p. 18.

8. MUNICIPAL CORPORATIONS.—*City Civil Engineer.—De Facto Officer.*—Where the mayor of a municipal corporation, with authority to appoint and remove from office the city civil engineer, notified such official of his removal, but the engineer refused to surrender his office and continued to hold it under a claim of right based on his appointment, while a court of general jurisdiction protected by a restraining order and a temporary injunction until the final hearing of the case, or until the title to the office was determined by proper legal proceedings, and the engineer held actual possession of the office and discharged all the duties thereof, until legal determination of his rights adverse to him, he was a *de facto* officer for the period. p. 18.

9. OFFICERS.—*De Facto Officer.—Dealings With.*—The public and third parties may deal with a de facto public officer without inquiring into the validity of his title to the office he assumes to fill, and in so doing they will be as fully protected as though such officer had been both a *de facto* and a *de jure officer* as to all acts within the scope and apparent authority of such officer. p. 21.

10. MUNICIPAL CORPORATIONS.—*Payment of Salary to De Facto Officer.—City's Liability to De Jure Officer for Salary.*—Where a *de facto* officer has received from the proper officers the salary attached to his office for the time he occupied it and discharged the duties thereof, the municipality is not liable to the *de jure* officer for such salary, though he may obtain possession of the office and show that he has been wrongfully kept out of it. p. 21.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by Robert M. Burns against the city of Terre Haute. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George W. Wells, Curtis G. Scofield* and *Clarence A. Royse,* for appellant.

*Moore, Cooper, Davis, Bogart & Royse,* for appellee.

FELT, J.—Appellee, Robert M. Burns, brought this suit against the city of Terre Haute to recover salary alleged to be due him as civil engineer of said city. The complaint was in two paragraphs, to which an answer was filed in four paragraphs, the first of which was a general denial. Replies in general denial were filed to the paragraphs of answer other than the first. On request the court made a special finding of facts and stated its conclusions of law thereon which authorized a recovery against the city. Judgment was accordingly rendered for appellee in the sum of $1,479.77, which included $241.10 interest.

Appellant excepted to the conclusions of law and to each of them and has assigned error in substance as follows: Overruling of the separate demurrers to each paragraph of the complaint; error in each of the seven conclusions of law, and error in the conclusions of law.

The facts of the case are stated in the special finding, and all the controlling questions of law are presented by the exceptions to the conclusions of law and the assignments of error based thereon.

Appellee contends that no question is presented by the exceptions to the conclusions of law because the

parties agreed to the facts. The record does not bear out this contention, but does show that the parties filed with the court a "complete statement of evidence," and subsequently that "the court now makes and files herein its special finding of facts."

It has been held that exceptions to conclusions of law based on an agreed statement of facts present no question on appeal. *Western Union Tel. Co.* v. *Frank* (1882), 85 Ind. 480; *Zeller* v. *City of Crawfordsville* (1883), 90 Ind. 262.

1. Evidentiary facts should not be set forth in a special finding, but only the ultimate, issuable facts, inferred and found by the trial court from the evidence, should be stated. *Eckart* v. *Fort Wayne, etc., Traction Co.* (1914), 181 Ind. 352, 355, 104 N. E. 762; *Talbott* v. *English* (1901), 156 Ind. 299, 315, 59 N. E. 857; *Spade* v. *Hawkins* (1916), 60 Ind. App. 388, 392, 110 N. E. 1010.

2. The record indicates that there was no dispute about the evidence, but it does not show any agreement as to the ultimate, issuable facts, but conclusively shows that such facts were found and stated by the court. This is a substantial compliance with the statute. §577 Burns 1914, §551 R. S. 1881; *Horn* v. *Lupton* (1914), 182 Ind. 355, 361, 105 N. E. 237, 106 N. E. 708.

Omitting formal and unquestioned statements, the finding of facts as far as material is in substance as follows: That on January 3, 1910, Louis Gerhardt was the duly elected qualified and acting mayor of the city of Terre Haute, a city of the second class, under the laws of Indiana; that on said day the mayor aforesaid duly appointed Donn M. Roberts as city civil engineer "of said city until otherwise ordered"; that

on said day said Roberts duly qualified and entered upon the discharge of his duties as such engineer, and thereafter held full possession of said office and continued to discharge the duties thereof up to and including March 31, 1911, on which day said mayor in writing duly notified said Roberts "that I have this day removed you from the office of city civil engineer heretofore held by you, and that you are hereby removed and discharged from such office"; that on said day the mayor delivered to the clerk of said city a notice in writing directed to the common council thereof, in which he stated:

"I have this day removed and discharged Donn M. Roberts from the office of city civil engineer of the city of Terre Haute, Ind. My reasons for such removal and discharge are the insubordination of such officer, and the general good of the administration of the city's business."

That thereupon on March 31, 1911, the aforesaid mayor in writing duly appointed Robert M. Burns as city civil engineer of the city of Terre Haute, his term of office to begin on April 1, 1911; that thereupon said Burns duly qualified, gave bond and prepared to enter upon the discharge of the duties of said office; that thereafter on March 31, 1911, said Roberts filed a complaint in the Vigo Circuit Court, and made defendants thereto the mayor, members of the board of public works, the chief of police, the city controller and members of the common council of said city, and Robert M. Burns, and asked an injunction against such defendants to prevent them or any of them from removing him from said office or in any way interfering with him in the discharge of the duties thereof;

that thereupon on said day the judge of said court granted a temporary restraining order, without notice, against said defendants in accordance with the prayer of said complaint, "until notice and further order" of the court, and set April 10, 1911, as the day on which the application for a temporary injunction would be heard in said suit, and thereafter, pursuant to notice, the judge of said court granted a temporary injunction against all of said defendants as prayed, except John H. Jensen, whereby, among other things, it was ordered and decreed: "That the defendant Robert M. Burns be and he is hereby enjoined and restrained from acting or pretending to act as city civil engineer of the city of Terre Haute, and from intruding or attempting to intrude himself into the office of the said city civil engineer, and from in any way interfering with the exercise of the duties of the said city civil engineer by the plaintiff, Donn M. Roberts.

"It is further ordered, adjudged and decreed by the court that the defendants  *  *  *  and each of them be and they are, and each of them is hereby enjoined and restrained from interfering with the plaintiff, Donn M. Roberts, in his administration of the office of the said city civil engineer, of the city of Terre Haute, and they are and each of them is hereby enjoined and restrained from refusing to recognize the plaintiff, Donn M. Roberts, as said city civil engineer of the city of Terre Haute.

"It is further ordered, adjudged and decreed by the court that this injunction shall be and remain in full force and effect until a final hearing of this case, or until the title of said Robert M. Burns, to the office of said city civil engineer of the city of Terre

Haute shall be determined by proper legal proceedings.'

The court also found that by successive changes of venue the case reached the Knox Circuit Court, where on November 13, 1911, the temporary injunction was dissolved, and a final judgment rendered for the defendants; that no appeal was taken from such judgment; that from April 1, 1911, to November 13, 1911, said Roberts retained possession of the office of city civil engineer aforesaid and performed the duties thereof and received from the city the salary attached to the office; that from April 1, 1911, to November 13, 1911, plaintiff was ready and willing to perform the duties of the city civil engineer aforesaid, and at all times held himself in readiness so to do; that, in obedience to the restraining order and temporary injunction aforesaid, he did not attempt to take possession of said office until November 13, 1911, nor to perform the duties thereof until that date; that during the time said temporary injunction was in effect he did not seek other employment for the reason that he did not know when the same would be dissolved; that the salary of said office is $2,000 per year; that plaintiff received no salary from said city as such city civil engineer for the time from April 1 to November 13, 1911; that during said period of time the officers of said city were ready and willing to recognize plaintiff as said city civil engineer, and to pay him the salary attached to the office, but did not do so because of the temporary injunction aforesaid.

The court stated its conclusions of law in substance as follows: (1) That from April 1, 1911, to November 13, 1911, plaintiff, Robert M. Burns, was the *de jure* city civil engineer of the city of Terre Haute.

(2) That during said time Donn M. Roberts was not the *de facto* city civil engineer of the city of Terre Haute, but was an intruder in said office. (3) That the salary of Robert M. Burns for the aforesaid period is $1,166.66. (4) That plaintiff Robert M. Burns is entitled to interest on said salary in the sum of $241.10. (5) That he is entitled to judgment against the city of Terre Haute for $1,479.77.

The appellants claim that the court erred in its conclusions of law, because the facts found show that, during the period for which salary was awarded appellee, the possession of and title to the office of city civil engineer of the city of Terre Haute were in dispute, the subject of legal controversy, and the same were claimed by both appellee and Donn M. Roberts; that under such conditions a suit to recover the salary attached to a public office will not lie, and the same cannot be maintained until the title of such office has been duly determined by *quo warranto* proceedings; that the salary of an office is an incident thereto and belongs to the officer actually holding the position; that a *de jure* officer who is illegally kept out of his office cannot recover the salary incident thereto until his right to such office has been judicially established.

Appellee contends in substance that, after Donn M. Roberts was removed from office by the mayor, he was not the *de facto* city civil engineer; that the term of his office was not fixed by statute or by the Constitution of this state, and he held the same only during the pleasure of the appointing power; that after his removal by the mayor he had no color of appointment or semblance of authority to hold the office, and thereafter was only a usurper or intruder without any

title to the office or authority to discharge the duties thereof; that appellee was the *de jure* city civil engineer from and after his appointment, and as such was and is entitled to the salary attached to said office; that the temporary restraining order and the temporary injunction issued by the Vigo Circuit Court did not confer any right upon Donn M. Roberts, did not give him color of title to the office in question, nor make him a *de facto* officer.

3. The salary of a public office belongs to the person occupying or holding the office as an incident thereto, and does not depend upon his performance of the duties of such office. *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 114, 93 N. E. 872.

4. The general rule is that when a *de facto* officer is in possession of such office, and discharging its duties under color of right, a person claiming to be the *de jure* officer, and as such entitled to the possession and control of such office, cannot maintain an action against the city or municipality for the salary attached to such office, without first establishing his right to the office by *quo warranto* proceedings, on the theory that to permit him so to do would involve the determination of the title to an office in a collateral proceeding to which the person in charge of the office under color of right was not a party. *Griebel* v. *State, ex rel.* (1887), 111 Ind. 369, 372, 12 N. E. 700; *Leonard* v. *City of Terre Haute, supra,* 112; *Parsons* v. *Durand* (1898), 150 Ind. 203, 204, 49 N. E. 1047; *Carmel Natural Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 429, 47 N. E. 11, 50 N. E. 476.

It follows, therefore, that if Donn M. Roberts, dur-

ing the period for which salary was awarded appellee, was a *de facto* officer, discharging the duties of the office under color of right, the court erred in its conclusions of law, for it is not found or claimed that the title to the office in controversy was determined in any way or by any suit, other than in the case at bar.

Section 2, Art. 15 (§224 Burns 1914), of the Constitution of Indiana provides that: "When the duration of any office is not provided for by this Constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment."

The mayor of the city of Terre Haute had the power to appoint, and to remove from office, the city civil engineer. §8695 Burns 1914, Acts 1909 p. 454, §7, as amended, Acts 1913 p. 847; §8682, cl. 7, Burns 1914, Acts 1905 p. 219, §80.

The latter section, in part, provides as follows: "It shall be the duty of the mayor * * *. To appoint the heads of departments * * * and he shall make such other appointments as may be provided by the law or by the ordinances of any city; Provided, That the mayor may at any time suspend or remove from office any or all of such heads of departments or other persons, whether appointed by him or by any of his predecessors, by notifying them to that effect and sending a message to the council stating in writing his reasons for such removal."

The facts found by the trial court show that Donn M. Roberts was appointed to the office of city civil engineer by the mayor of the city of Terre Haute. He therefore held such office during the pleasure of the mayor, and was removed in accordance with the provisions of the statute, *supra.*

*Roth* v. *State, ex rel.* (1902), 158 Ind. 242, 263, 63
N. E. 460; *State, ex rel.* v. *Mayne* (1879), 68 Ind. 285,
296; *City of Madison* v. *Korbly* (1869), 32 Ind. 74, 78.

Notwithstanding such removal, Roberts refused to
surrender the office, obtained a restraining order and
a temporary injunction under which he continued to
hold the office and to discharge the duties thereof
during the period for which the trial court allowed
appellee to recover the salary attached to the office,
and under and in pursuance of which the city paid to
Roberts the salary for the aforesaid period of time.

Under these facts we must first determine whether
Roberts, during the time aforesaid, was a *de facto*
officer or a mere usurper or intruder without
6. color of right or title to the office in question.

The Century Dictionary, in defining the phrase
*"de facto,"* states: "In fact, in reality, actually
existing without legal or moral right; as a govern-
ment, or a government *de facto*. The phrase usually
implies a question as to whether the thing existing
*de facto* exists also *de jure* or by right." See, also,
1 Bouvier, Law Dictionary 500. A *de facto* officer
is one who has the reputation or appearance of being
the officer he assumes to be, but who in fact under the
law has no right or title to the office he assumes to
hold. A *de facto* officer is distinguished from a mere
usurper or intruder by the fact that the former holds
by some color of right or title, while the latter in-
trudes upon the office and assumes to exercise its
functions without either the legal title, or color of
right, to such office.

Where one is actually in possession of a public
office and is discharging the duties thereof, the color

of right which constitutes him a *de facto* offi-
7. cer may consist in an election or appointment,
holding over after the expiration of his term,
or by acquiescence by the public for such a length of
time as to raise the presumption of a colorable right
by election, appointment, or other legal authority to
hold such office. Mechem, Public Officers §§315-322;
*Hiday* v. *State, ex rel.* (1917), 64 Ind. App. 159, 115
N. E. 601; *Howard* v. *Burke* (1911), 248 Ill. 224, 93
N. E. 775, 777, 140 Am. St. 159; *State* v. *Carroll*
(1871), 38 Conn. 449, 467, 471, 9 Am. Rep. 409; *In re
Burke* (1890), 76 Wis. 357, 45 N. W. 24; *McVeany* v.
*Mayor, etc.* (1880), 80 N. Y. 185, 195, 36 Am. Rep.
600; *Hamlin* v. *Kassafer* (1887), 15 Ore. 456, 15 Pac.
778, 3 Am. St. 176; *Warden* v. *Bayfield County*
(1894), 87 Wis. 181, 58 N. W. 248; *Town of Plymouth*
v. *Painter* (1846), 17 Conn. 585, 589, 44 Am. Dec. 574.

In the case at bar, Roberts held office by a valid
appointment until notice of his removal by the mayor.
After that he continued to hold under a claim
8. of right based on such appointment, which a
court of general jurisdiction protected by a re-
straining order and a temporary injunction until the
final hearing of the case "or until the title of said
Robert M. Burns, to the office of said city civil engi-
neer * * * be determined by proper legal pro-
ceedings."

The situation under such order is analagous to that
in the case of *Parsons* v. *Durand* (1898), 150 Ind. 203,
49 N. E. 1047, wherein it is said: "Appellee sought
and obtained a restraining order against the appel-
lant Parsons and his coappellants, members of the
common council and clerk of said city, whereby they
were forbidden to recognize Parsons as mayor, or to

refuse recognition to Durand as such officer, or to expunge the order of selection of said Durand. * * * By the decision of the circuit court the appellants were enjoined from interfering with the exercise, by the appellee, of the duties of the office until the title thereto should be determined by proper legal proceedings.

"Counsel for the appellants insist that *quo warranto,* and not injunction, was the proper remedy, and that injunction against the appellants is an unauthorized interference by the judiciary with the exercise of legislative functions. If the decision of the lower court had involved the question of the title to the office of mayor, the first of the propositions stated would be correct, as we held in the recent case of *Carmel, etc., Co.* v. *Small, post,* 427. The decision involved no such question, but expressly recognized the unsettled question of title, and stayed the intrusion of one claimant into the office against one occupying the office upon a claim of right. In such case injunction is the proper remedy. *City of Huntington* v. *Cast,* 149 Ind. 255, and cases there cited. See, also, *Brady* v. *Sweetland,* 13 Kan. 41." See, also, *Landes* v. *Walls* (1903), 160 Ind. 216, 219, 66 N. E. 679, and cases cited; *City of Huntington* v. *Cast* (1898), 149 Ind. 255, 259, 48 N. E. 1025.

The court in granting the temporary injunction as found by the court did not assume to determine the title to the office in question, but the action so taken was a distinct recognition of the fact that a controversy existed over the right to the office of city civil engineer. While the temporary injunction was in force it indicated that, in the judgment of the court, Roberts had made such a *prima facie* case as to entitle

him to the relief thereby granted, and to indicate that it was probable that upon final hearing after the title to said office had been determined by appropriate legal proceedings, the injunction would be made perpetual. 22 Cyc 746, 748-755, 1061; *Wallace* v. *McVey* (1855), 6 Ind. 300, 303.

The fact that Roberts had been duly appointed, and that he held over after the mayor had given notice of his removal from office, under claim of right to the office, and that such claim was given recognition by the court as above indicated, was sufficient to distinguish him from a mere intruder, or usurper of the office, and to give him color of right to such office for and during the period of time in controversy in this suit.

It is not disputed, and the findings show, that Roberts held actual possession of the office and discharged all the duties thereof during such time. These facts, coupled with such color of right, constituted him a *de facto* officer for and during the aforesaid period of time. *State, ex rel.* v. *Milne* (1893), 36 Neb. 301, 54 N. W. 521, 19 L. R. A. 689, 691, 38 Am. St. 724; *Stearns* v. *Sims* (1909), 24 Okl. 623, 104 Pac. 44, 24 L. R. A. (N. S.) 475, 477; *Nall* v. *Coulter* (1904), 117 Ky. 747, 78 S. W. 1110, 4 Ann. Cas. 671; *Commissioners, etc.* v. *Anderson* (1878), 20 Kan. 298, 300, 27 Am. Rep. 171; *Petersilea* v. *Stone* (1876), 119 Mass. 465, 469, 20 Am. Rep. 335; *Hamlin* v. *Kassafer, supra; McVeany* v. *Mayor, etc., supra; Commonwealth* v. *McCombs* (1867), 56 Pa. St. 436; *Warden* v. *Bayfield County, supra;* Mechem, Public Officers §§319-333; 8 Am. and Eng. Ency. Law 783, 794; 28 Cyc 448, 449; 34 Century Law Journal 212.

The rule is generally recognized that the public and

third parties may deal with a *de facto* public officer without inquiring into the validity of his title to 9. the office he assumes to fill, and that in so doing they will be as fully protected as though such officer had been both a *de facto* and a *de jure* officer, as to all acts within the scope and apparent authority of such officer. *Steinback* v. *State, ex rel.* (1872), 38 Ind. 483, 490; *Rosell* v. *Board, etc.* (1902), 68 N. J. Law 498, 53 Atl. 398; *Hamlin* v. *Kassafer, supra; Leach* v. *Cassidy* (1864), 23 Ind. 449.

Where a *de facto* officer has received from the proper officers the salary attached to the office for the time he occupied the office and discharged 10. the duties thereof, the decided weight of authority is to the effect that the municipality is not liable to the *de jure* officer for such salary, though he may obtain possession of the office and show that he has been wrongfully kept out of the same. *State, ex rel.* v. *Milne, supra; Stearns* v. *Sims, supra; Board, etc.* v. *Rohde* (1907), 41 Colo. 258, 95 Pac. 551, 16 L. R. A. (N. S.) 794; *Dolan* v. *Mayor, etc.* (1877), 68 N. Y. 274, 278, 280, 23 Am. Rep. 168; *Scott* v. *Crump* (1895), 106 Mich. 288, 64 N. W. 1, 58 Am. St. 478; *Nall* v. *Coulter, supra; McVeany* v. *Mayor, etc., supra; Brown* v. *Tama County* (1904), 122 Iowa 745, 98 N. W. 562, 564, 101 Am. St. 296; *Fuller* v. *Roberts County* (1896), 9 S. D. 216, 68 N. W. 308, 309; *Board, etc.* v. *Benoit* (1870), 20 Mich. 176, 4 Am. Rep. 382; *Hagan* v. *City of Brooklyn* (1891), 126 N. Y. 643, 27 N. E. 265; *State, ex rel.* v. *Moores* (1903), 70 Neb. 48, 99 N. W. 504.

The foregoing rule is applicable to the case at bar, and the fairness and justice of the rule are emphasized by the fact that the disbursing officers of the

city of Terre Haute could not have refused to pay the salary to Roberts during the time the temporary injunction was in force without violating the same and making themselves liable for contempt of court in so doing.

However, some states have held that payment of the salary to a *de facto* officer occupying the office and discharging its duties will not bar the right of the *de jure* officer to recover the salary from the municipality for the full term to which he was lawfully entitled to the office, when he has obtained possession thereof and legally established his right and title thereto. *Carroll* v. *Siebenthaler* (1869), 37 Cal. 193; *Andrews* v. *Portland* (1887), 79 Maine 484, 10 Atl. 458, 10 Am. St. 280; *State, ex rel.* v. *Milne, supra; Rasmussen* v. *Board, etc.* (1899), 8 Wyo. 277, 56 Pac. 1098, 45 L. R. A. 295. These decisions are generally based upon the rights of the *de jure* officer and the fact that the salary annexed to the office is an incident thereto and that its recovery does not depend upon the actual performance of the duties of the office.

The prevailing rule above announced is based upon the rights and convenience of the public who have dealings with the office so held by such officer. The rule as generally announced does not deny the *de jure* officer the right to recover from the *de facto* officer who has kept him out of the office to which he was legally entitled the salary or emoluments accruing during the time he was so excluded, but it extends the rule which validates the acts of *de facto* officers and protects third parties dealing with them to the municipality under which the office is held, and protects it in the payment of the salary or the emoluments of the office to the *de facto* officer, without re-

City of Terre Haute *v.* Burns—69 Ind. App. 7.

quiring it to first determine at its peril the title or right to the office in question.

The prevailing rule above announced is generally held to be supported by public policy.   That disbursing officers and third persons dealing with reputed public officers in actual possession of the office and discharging the duties thereof can neither be expected to know nor be required at their peril to inquire into the validity of the title to such office or the qualifications of such officer; that as to such persons the occupant of the office so discharging its duties must be held to be what he appears and assumes to be, viz., a duly authorized and qualified public official; that any other rule would impede the discharge of public business and tend to uncertainty and inefficiency in discharging the duties of the office and in some instances occasion unnecessary loss or hardships.

Another consideration amply supports the prevailing rule, viz., that it is for the best interests of the community that public offices shall be filled and the duties pertaining thereto be promptly and efficiently discharged; that to secure these ends it is generally necessary to pay the officer who discharges the duties of the office with reasonable promptness; that payment in good faith to the *de facto* officer by the municipality or person liable for the salary or emoluments due the officer is deemed to be both expedient and justifiable.

To the public, or the municipality, the important thing is the discharge of the duties of the office by some competent official.   The questions of who is entitled to hold the office and receive the payment of the salary are secondary in importance, and may well be left to the parties directly concerned except as

above indicated. *Leach* v. *Cassidy, supra; Board, etc.* v. *Rohde, supra; State, ex rel.* v. *Jones* (1862), 19 Ind. 356, 81 Am. Dec. 403; *Douglass* v. *State, ex rel.* (1869), 31 Ind. 429, 435; *Hamlin* v. *Kassafer, supra,* 181.

From this it follows that the court erred in its conclusions of law wherein it held the city of Terre Haute liable to appellee for salary accruing during the period Roberts was the *de facto* city civil engineer, and for which he received the salary as found by the trial court.

The questions of the liability of Roberts to Burns or of liability on the injunction bond are not involved in this appeal.

For the errors in the conclusions of law, the judgment is reversed, with instructions to the trial court to restate its conclusions of law in favor of appellant, and to render judgment accordingly.

Hottel, C. J., Batman, Dausman and Caldwell, JJ., and Ibach, P. J., concur.