DOSS *v.* YINGLING ET AL.
[No. 25,875. Filed April 29, 1933.]

*Chester Y. Kelly* and *Piety & Piety,* for appellant.
*Paul R. Shafer* and *Walker & Hilleary,* for appellees.

ROLL, J.—This was an action by appellant to enjoin the stockholders of the Terre Haute Heavy Hardware Company from meeting on November 23, 1929, at 3 o'clock P. M. in the office of the company in response to a written notice for a special meeting of the stockholders of said company issued by appellee Yingling, president of said company.

The purpose of the special meeting of the stockholders

of said company, as stated in the notice, was to repeal Section 4 Article 3 of the by-laws of said corporation and for the further purpose of ousting appellant as director of said company.

The lower court denied appellant's petition for a temporary injunction and he appeals.

Appellant's verified complaint for injunction alleges, in substance, that in the year 1911, appellees, Yingling and Merrifield, and one Faires Colwell organized and incorporated the Terre Haute Heavy Hardware Company of Terre Haute, Indiana, under the laws of the state of Indiana. That at the time of said incorporation said incorporators made and entered into an agreement that neither of them would transfer his stock in said corporation to any person until the same had been offered for sale to the other stockholders at the then existing book value of the same, for a period of ten days, during which time the remaining stockholders should have the right to purchase said stock at such price, in proportion to their then holdings in said company. That said contract was a part of the consideration of the purchase of said stock in the corporation by each of the incorporators. That as evidence of such agreement and the continuation thereof said stockholders at their first meeting adopted the following by-law:

"If any stockholder desires to sell his stock in such company, the remaining stockholders of such company shall have the first right to purchase the same in the proportions of their present holdings in such company, and the price to be paid for such seller's stock shall be the value of the same as shown by the books of the company at the time of the proposed sale. Such retiring or selling stockholder shall give to the other stockholders notice in writing of his intention to sell his stock, and such remaining stockholders shall have ten (10) days from the receipt of such notice within which to purchase, then such selling stockholder is at liberty

to sell such stock to third persons. If any stockholder does not desire to avail himself of the privilege to purchase such stock as herein provided, then the other stockholders may exercise such privilege in the proportion of their present holdings." (By-laws, Sec. 4, Article 3.)

That in pursuant to said agreement and by-law appellees, as officers of said corporation, issued to William H. Yingling two hundred shares of the common stock and to Harry E. Merrifield seventy-five shares and to Faires Colwell ten shares. Later in 1911, Merrifield purchased twenty-five additional shares and Yingling purchased one hundred additional shares, and in 1912, Colwell purchased ten additional shares. That in 1913, Colwell desired to sell his stock and gave notice to Yingling and Merrifield of his intentions so to do, and by agreement of said parties Colwell assigned and delivered his stock to the officers of said corporation. That at or about the time that Colwell sold and surrendered his stock, appellees solicited appellant to purchase stock in said corporation and informed appellant of the agreement and by-law above mentioned and told him that if he purchased stock in the company he would have to agree to be bound by the above mentioned agreement and by-law as to the sale of stock and that said agreement and by-law should remain in full force and effect and that no stockholder would transfer any stock in said corporation except in accordance with said agreement and by-law. That appellant thereafter agreed to and did subscribe for forty shares of the common stock of said corporation which was afterwards issued to him on February 1, 1917. That a part of the consideration for the purchase of said stock by him was the agreement that the stockholders would not transfer or sell any stock in said company to any person except in compliance with said agreement and by-law, and that said by-law would not be changed.

574

That afterwards, on May 5, 1917, the officers of said corporation issued to said Merrifield fifty additional shares of the common stock in said corporation and a part of the consideration for such transfer was the agreement and restriction upon the sale of the stock and the provisions of the by-law above mentioned.

That later on account of increased business it became advisable to increase the number of executives in said business and that they should also be stockholders in said corporation; that as a result of such determination, one Ivan C. Gharst purchased ten shares of the common stock in said corporation with full knowledge and understanding of the agreement between the stockholders as to the restrictions on the sale of the stock, and the by-law above referred to, and that said Gharst purchased said stock and agreed that he would be bound thereby and would comply therewith, and that all stockholders agreed that said agreement and by-law would not be changed.

That thereafter, in 1924, ten shares of the common stock were sold to one Lynn C. Fehring, and the complaint alleges in effect the same facts as to the purchase of his stock as are heretofore set out with reference to the purchase of stock by Mr. Gharst, with the additional allegations that in order to make available shares of stock to Fehring, appellee Yingling surrendered one certificate for one hundred shares, held by him, and received back a certificate for ninety shares, and that he, as president, and Merrifield, as secretary, failed to copy the by-law above set out, on the certificate so issued to said Yingling for said ninety shares.

That appellant was elected vice-president of said corporation on July 1, 1913, at a regular meeting of the board of directors and has acted as a member of the board of directors at all times since said date with the

knowledge and consent of all the stockholders, officers and directors of said corporation.

Appellee Yingling answered in substance as follows: That the articles of association of said corporation contains no restrictions on the right of a stockholder to transfer such stock and contain no provisions concerning the adoption of by-laws or the right to amend the by-laws; that the by-laws adopted by the corporation in 1911, provides:

> "These by-laws may be amended at any directors meeting by a vote of two-thirds of the whole number of directors. They may be also amended at any stockholders meeting by a vote of stockholders holding not less than fifty-one (51) per cent. of the entire capital stock issued. . . ."

That said by-law is now, and has been at all times since 1911, in full force and effect and was at the time plaintiff herein purchased his stock, and the same was purchased by plaintiff with full knowledge thereof.

That said by-laws further provide that:

> "Special meetings of the stockholders of this corporation may be called at any time by the president or by the board of directors. Notice of such special meeting shall be given in the same manner as provided herein for annual meetings, except that such notice shall briefly state the object of such meeting."

That the defendant Yingling is now and has been for several years last past the president of said company and of the board of directors. That the call for a stockholders' meeting mentioned in plaintiff's complaint was duly called and due notice thereof given by this defendant, and by virtue of the above by-law, he as president, had the right to issue a call for a stockholders' meeting for the purpose of voting upon any and all proposed amendments to the by-laws of said corporation, and by a vote of fifty-one (51) per cent of the entire capital stock

which has been issued by said company in favor of such amendment the stockholders thereof have a right to amend its by-laws, and that by such a vote the stockholders have the right to make the proposed amendment alleged in plaintiff's complaint.

That the number of directors designated in the articles of association were three and the by-laws provide:

"The annual meeting of the stockholders of this company shall be held on the third Tuesday in June in each year at 2 o'clock P. M., at which meeting there shall be chosen three persons who shall be stockholders in such company, to be directors of such company for the ensuing year. A written notice of such meeting shall be mailed or delivered ten days before such meeting, to each stockholder to his post office address appearing upon the records of the company. If, for any reason, the annual meeting of stockholders shall not be held as hereinbefore provided, such annual meeting shall be called by the president as soon as conveniently may be."

That plaintiff was never elected by the stockholders of said company as a director nor appointed to fill a vacancy in said board, that he has been assuming to be a director and is attempting to usurp and perform the duties of a director of said company, and that the same is true as to plaintiff being vice-president of said company.

The answer was verified.

Plaintiff, in his reply, recites in substance what he had theretofore alleged in his complaint and it was also verified.

The pleadings were introduced in evidence and plaintiff introduced some oral evidence as to the alleged agreement, and he also introduced the minutes of the meetings of the board of directors which showed that plaintiff, upon motion of appellee Yingling, was recognized as a member of said board of directors and as vice-president of the company and that he had in fact acted

as both vice-president and director from the time he became a stockholder.

The court denied appellant's petition for a temporary injunction, and, upon appeal, appellant assigns as error: (1) The trial court erred in refusing to grant appellant's petition for a temporary injunction; (2) the trial court's action in refusing to grant a temporary injunction is contrary to law; (3) the trial court's action in refusing to grant a temporary injunction is contrary to the undisputed evidence.

The second and third assignments of error presents no question for our consideration, as they are proper grounds to assign in a motion for a new trial, but not proper as independent assignments of error. *Farmers Mutual Telephone Co.* v. *Duncan et al.* (1917), 187 Ind. 658, 116 N. E. 420.

Under the first assignment of error, appellant takes the position that the agreement entered into between the incorporators at the time the corporation was formed, that when one incorporator desired to sell his stock he must first offer such stock to the remaining stockholders at the then existing book value for a period of ten days before offering it for sale to an outsider, which agreement was thereafter evidenced by and embodied in the by-law heretofore set out, and observed through successive years by each incorporator upon the sale of the common stock and which agreement and by-law was made known to all the other stockholders before they purchased stock in said corporation and they agreed to be bound thereby and where the same was observed and acted upon by all the stockholders thereafter in the sale of stock, that such agreement and by-law is valid, and therefore, appellee Yingling, as president of said corporation, has no right to call a special meeting of the stockholders for the purpose of repealing section four

578

of article three of the by-laws, being the by-law here in question and heretofore set out, and that the stockholders should be enjoined from meeting for that purpose.

The validity of the agreement and the by-law, restricting the sale of stock herein, was decided by the Appellate Court in the case of *Doss* v. *Yingling* (1930), (Ind. App.), 172 N. E. 801, and we need not further discuss the question therein decided. Notwithstanding the validity of the agreement between the parties hereto and the by-law here in question, we do not think it follows that the court should prevent the stockholders from meeting in response to notice issued by the president in accordance with the by-laws of the corporation, for a lawful and legitimate purpose. The purpose of the special meeting, herein sought to be enjoined as far as the record shows, was for a lawful and legitimate purpose, and appellant makes no attempt to point out wherein it is unlawful, except he says, that if such a meeting is held, the stockholders will repeal said by-law by a vote of fifty-one percent of the stock outstanding.

By the authority of Section 1 of Article 4 of the by-laws, the by-laws of the corporation may be amended. This power to amend we think applies to Section 4 of Article 3 as well as to all other provisions. But, the repeal or amendment of Section 4 of Article 3 of the by-laws could not alter or in any manner relax the restrictions upon the sale of the stock between the parties thereto, which they themselves had placed there by their own agreement, and became a part consideration for the issuance of the stock by the corporation itself. Such valid and binding agreement between the parties of course could not be changed or affected by an amendment or repeal of the by-law which may be amended or repealed by a vote of at least fifty-

one percent of the stock. The stockholders, we think, have the right to meet and vote upon the questions properly submitted.

Appellant further insists that appellees should have been enjoined from meeting for the reason the notice issued by the president recited that one of the purposes of said meeting was to oust appellant as director of said corporation. Appellant's petition alleges, and the minutes of the board of directors of the Terre Haute Heavy Hardware Company shows, that appellant acted as one of the directors of said corporation for many years, with the knowledge and consent of all the stockholders and directors of said company. The record of the meeting of the board of directors of December 28, 1923, contain the following minute: "The following motion made by Mr. Yingling was duly carried:

'As we all know there has been no official action taken electing W. R. Doss a director and vice president, Ivan C. Gharst a director and secretary. I move these officials be considered bonafide officers as there was a distinct understanding by all stockholders that this action was satisfactory to all concerned. I also move that Lynn C. Fehring be recognized as a director with full power to vote at this meeting. The above action being taken with the understanding the above directors and officers be elected officially at our annual meeting July 1, 1924.' "

Article 8 of the articles of association provides that the directors shall be elected by the stockholders at its annual meeting and the directors so elected shall hold for one year or until their successors are elected and qualified. There is no provision, either in the articles of association or the by-laws of said corporation, for the ousting of a director. But again it does not necessarily follow that the court erred in refusing to issue the temporary injunction. Assuming, without deciding,

that appellant is at least a de facto director, and if, at the special meeting the stockholders attempted to oust appellant as a director, and appellant should be aggrieved at such action, he would have a full and complete remedy at law. By this action he is in effect attempting to try title to the office of director, which we think is not the proper remedy.

Appellant's objections are addressed to the possible results of the special meeting rather than the meeting itself. The question here presented is a question intra vires and is such that a court of equity should not interfere as long as the parties have a full and adequate legal remedy at law. *Sims* v. *City of Frankfort* (1881), 79 Ind. 446.

The principals of law laid down in the case of *The Carmel Natural Gas and Improvement Co.* v. *Small et al.* (1897), 150 Ind. 427, 47 N. E. 11, governs the decision in this case.

Judgment affirmed.