SCHEPP ET AL. *v.* EVANSVILLE TELEVISION, INC.

[No. 29,513. Filed April 3, 1957.]

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellants.

*John W. Spencer, Isidor Kahn, Harry P. Dees, Willard C. Shrode,* and *Kahn, Dees, Donovan & Kahn,* (of counsel) all of Evansville, for appellee.

BOBBITT, J.—Appellee brought this suit to enjoin appellants "from purporting or assuming to act" as officers of appellee corporation.

A temporary restraining order was issued, without notice, and after change of venue to the Gibson Circuit Court hearing was had and a temporary injunction issued, temporarily enjoining appellants, in part, as follows:

"1. The defendant, Rex Schepp, purporting or assuming to act as President of the plaintiff corporation or as General Manager of plaintiff corporation or of the plaintiff's television broadcast station, or from assuming to act in any capacity as an officer, agent, or employee of the plaintiff, or for or on behalf of the plaintiff in any manner whatsoever except as to attending and voting as one of the five (5) members of the lawful Board of Directors of the plaintiff.

"2. The defendant, Benjamin F. Shepp, purporting or assuming to act as Vice President of the plaintiff corporation, or from assuming to act in

any capacity as an officer, agent, or employee of the plaintiff, or for or on behalf of the plaintiff in any manner whatsoever, except as to attending and voting as one of the five (5) members of the lawful Board of Directors of the plaintiff.

. . . . .

"5. In any way or manner whatsoever interfering with, harrassing, or hindering the plaintiff in the operation of its business and television broadcast station."

This appeal followed.

The granting of the temporary injunction is assigned here as error.

Appellants assert that this is a proceeding to determine the rights and titles to the offices in question and, therefore, the trial court is without jurisdiction to grant injunctive relief because an adequate remedy at law is afforded appellee by Acts 1929, ch. 221, §2, p. 806, being §3-2001, Burns' 1946 Replacement, which provides, in pertinent part, as follows:

"An information may be filed against any person or corporation in the following cases:
"(1) When any person shall usurp, intrude into, or unlawfully hold or exercise any public office or any franchise within this state, or any office in any corporation created by the authority of this state."

Appellee asserts that this is not a proceeding to determine the title to an office, but is a suit to restrain and enjoin appellants "as outsiders" from interfering with appellee's property and business operations and from interfering with the persons occupying the offices formerly held by appellants, and that injunction is a proper remedy. The answer to the question as to whether this is an action to determine the title to an office, or a suit for relief as asserted by appellee, will determine the outcome of this appeal.

*First:* To determine the nature of the proceeding we must look to the complaint and the evidence presented at the hearing on the petition for temporary injunction.

The complaint alleges and, in pertinent parts, may be summarized as follows:

Plaintiff-appellee is an Indiana corporation engaged in the operation of a television broadcasting station in the city of Evansville.

Appellant Benjamin F. Shepp was, on and before July 9, 1956, Vice President of appellee corporation and, on said date, submitted his written resignation as such Vice President, which resignation was duly accepted by the directors of the corporation at a meeting held on July 9, 1956. Since that date he has held no office in appellee corporation except as a member of the Board of Directors.

Appellant Rex Schepp was, on and before November 5, 1956, the duly elected President of appellee corporation. At a special meeting of the Board of Directors, held on said date, at which all members were present, a resolution removing appellant Rex Schepp as President of such corporation was adopted; and it is further alleged that this appellant was not at the time of the filing of the complaint herein, and had not been President of such corporation since November 5, 1956.

It is further alleged that appellant Rex Schepp was, on June 12, 1956, employed as General Manager of appellee's broadcasting station, which employment was also terminated by the Board of Directors at the special meeting held on November 5, 1956.

It is also alleged that notwithstanding such resignation and removal appellants, and each of them, "have wrongfully, illegally and without right

purported to act as President and Vice President, respectively, of the plaintiff [appellee] continuously since the 5th day of November, 1956"; that appellants have written certain letters in which they purport to act as President and Vice President, respectively, and that appellant Rex Schepp has the corporate minute book and various other documents belonging to appellee which he refuses to surrender.

And, further, "That all of the hereinabove alleged acts of the defendants, and each of them, are part of a design and scheme to disregard and ignore the action of the plaintiff's Board of Directors in removing the said Rex Schepp as President and General Manager of the plaintiff and plaintiff's television broadcast station, and the resignation and acceptance thereof of the defendant, Benjamin F. Shepp, as Vice President of the plaintiff, . . ."; and that these acts were committed "for the purpose of ruining the plaintiff and preventing it from accomplishing its corporate purposes and to interfere with and prevent the plaintiff from successfully operating its television station." That unless the defendants-appellants, and each of them, are restrained and enjoined from carrying out such acts, the plaintiff-appellee will suffer substantial and irreparable loss, injury and damage.

And, further, "That the plaintiff has no full, adequate and complete remedy at law. . . ."

The prayer of the complaint, in part, requests an order:

"(a) Enjoining and restraining the defendant, Rex Schepp from *purporting or assuming to act as President of the plaintiff corporation* or as General Manager of the plaintiff corporation or of the

plaintiff's television broadcast station, or from assuming to act in any capacity as an officer, agent, or employee of the plaintiff, or for or on behalf of the plaintiff in any manner whatsoever, except as to attending and voting as one of the five (5) members of the lawful Board of Directors of the plaintiff.

"(b) Enjoining and restraining the defendant, Benjamin F. Shepp, from purporting or assuming to act *as Vice President* of the plaintiff corporation, or from assuming to act in any capacity as an officer, agent, or employee of the plaintiff, or for or on behalf of the plaintiff in any manner whatsoever, except as to attending and voting as one of the five (5) members of the lawful Board of Directors of the plaintiff." (Our italics).

The uncontradicted evidence at the hearing on temporary injunction as shown by the record before us discloses that Section 22 of the By-Laws of the corporation provides, ". . . Any officer elected or appointed by the Board of Directors may be removed at any time by the affirmative vote of a majority of the directors. If the office of any officer becomes vacant for any reason, the vacancy shall be filled by the Board of Directors; . . ."

That appellant Benjamin F. Shepp did not at any time after his resignation on July 9, 1956, act as, or perform any duties as Vice President of the corporation; that at the November 5, 1956 meeting one Joseph E. O'Daniel submitted his resignation as Vice President and was elected President to fill "the vacancy created by the removal of Rex Schepp, as President", to serve until the next annual meeting. Both the Secretary and Business Manager of the corporation testified that O'Daniel immediately assumed the office of President and performed the duties assigned thereto until November 10, 1956. At a meeting of the Board of Directors held on such date, O'Daniel resigned as President of the corporation, and Ferris E. Traylor

was elected President and O'Daniel was re-elected Vice President. Both men immediately assumed the duties of the respective offices to which they were elected. Ferris Traylor has occupied the office of President and performed the duties thereof continuously from November 10, 1956.

Appellants introduced no evidence at the hearing for temporary injunction.

We find no allegation in the verified complaint, nor do we find any evidence in the record which shows that appellant Rex Schepp occupied the office of President, or that he performed the duties of such office after November 5, 1956. Neither does the complaint allege, nor does the evidence show, that appellant Benjamin F. Shepp held the office of Vice President or that he performed any of the duties of such office after July 9, 1956.

We do not concur in appellants' statement appearing in the argument section of their brief that the complaint herein "proceeds solely upon the theory that the Appellants were usurping and unlawfully *holding* and *exercising* the offices of president, general manager and vice president respectively, in the Appellee corporation. . . ." (Our italics).

As we see the complaint herein, it alleges only that appellants *were purporting* and *attempting to act* as President and Vice President, but were not in possession of the office and actually performing the duties thereof, and unless they were restrained and enjoined therefrom they would interfere with and prevent appellee from successfully operating the television station and would attempt, and were claiming the office of and attempting to act as such President and Vice President, respectively, against those holding such offices under color of right, all to appellee's irreparable injury.

The validity of the meetings of the Board of Directors held on July 9, 1956, at which the resignation of Benjamin F. Shepp as Vice President was approved, and that held on November 5, 1956, at which appellant Rex Schepp was removed as President and General Manager, is not an issue in this proceeding.

We are bound by the record before us, and from this we must assume that after July 9, 1956 appellant Benjamin F. Shepp no longer occupied the office of Vice President of appellee corporation, or performed the duties thereof; and that after November 5, 1956 appellant Rex Schepp no longer occupied the office of President and General Manager of such corporation, or performed the duties thereof.

From the record here, appellants' relations with appellee corporation as its President and Vice President, respectively, were severed as of the above dates, and after that time they stood in the same position with relation to such corporation as any other stockholder who was not an officer thereof.

We are compelled, on the record before us, to conclude that this is a suit to prevent appellants, as adverse claimants not in possession of the office, from interfering with the orderly discharge of the duties of said office by those who are in possession thereof, at least as *de facto* officers, and from unlawfully interfering with the management of appellee corporation.

We find no allegation in the complaint and no evidence in the record to show that appellants have actually usurped, intruded into, or are unlawfully holding or exercising the offices of President and Vice President, respectively, of appellee corporation. The allegations of the complaint and the evidence at the hearing are only that appellants were *purporting* or *assuming* to do these things.

We do not believe that the factual situation shown by the record here is sufficient to bring this case within the provisions of §3-2001, *supra.*

If the situation here were reversed and appellant Rex Schepp were attempting to prohibit Ferris E. Traylor from acting as President of appellee corporation, his action would be governed by §3-2001, *supra,* because he [Schepp] would be seeking to remove someone who was in possession of and discharging the duties of the office. Such an action would test the title to the office and *quo warranto* would be the proper remedy. Such is not the situation with which we are confronted.[1]

*Second:* Has appellee pursued the proper remedy?

It is clear from the complaint and the evidence in this case that appellants are claimants to offices which are occupied by others.

The evidence shows, and it is not disputed, that Ferris E. Traylor and Joseph E. O'Daniel had actual possession of the offices of President and Vice President, respectively, and discharged all the duties thereof, from and after November 5, 1956. These facts, together with their election to such offices by the Board of Directors constituted them at least *de facto* officers acting under color of authority. *Felker* v. *Caldwell* (1919), 188 Ind. 364, 371, 123 N. E. 794; *City of Terre Haute* v. *Burns* (1918), 69 Ind. App. 7, 116 N. E. 604.

The rule is well settled that a claimant to an office may be enjoined by one occupying the office under a

---

1. The remedy provided by §3-2001, Burns' 1946 Replacement, is the appropriate and proper one "for obtaining the possession of an office to which a person has been legally elected and has become duly qualified to hold. It is also the proper remedy for the removal of the incumbent of an office, who has usurped and illegally continues to hold it, . . . ." *Griebel* v. *The State ex rel. Niezer* (1887), 111 Ind. 369, 372, 12 N. E. 700.

claim of right, until the former shall have established his title in an action at law. Thus will equity protect the possession of the incumbent from any unlawful intrusion. *Felker* v. *Caldwell, supra* (1919), 188 Ind. 364, 366, 123 N. E. 794; *The City of Huntington* v. *Cast et al.* (1898), 149 Ind. 255, 259, 260, 48 N. E. 1025; *Parsons et al.* v. *Durand* (1898), 150 Ind. 203, 204, 49 N. E. 1047; *Seitz v. Mosier* (1922), 192 Ind. 416, 423, 136 N. E. 840; *City of Terre Haute* v. *Burns, supra* (1918), 69 Ind. App. 7, 19, 116 N. E. 604; See also: *State ex rel. McGovren et al.* v. *Gilkison, Judge* (1935), 208 Ind. 416, 420, 196 N. E. 231.

*Felker* v. *Caldwell, supra,* was a suit to enjoin appellant Felker and his deputies from interfering with appellee as State supervisor of oil inspection, or his deputies in the discharge of their duties, " 'until such time as it shall first be established by the adjudication of a competent tribunal that said Adam H. Felker had a superior title to the said office of State Supervisor of Oil Inspection, or until the further order of this court.' "

In that case appellee Caldwell was appointed by the Governor of Indiana on June 22, 1917, as State Supervisor of Oil Inspection. He thereupon gave bond and qualified as required by law. On July 2, 1917, appellant Felker was appointed by the State geologist as State supervisor of oil inspection under the provisions of another Act of the legislature. Felker also gave bond and qualified as required by the law under which he claimed to act, appointed deputies, and proceeded to take steps to enforce the oil inspection law.

Appellee Caldwell brought suit against appellant Felker and his deputies and a temporary injunction was granted enjoining appellants as above stated.

In that case appellant Felker insisted that a court of equity was without jurisdiction to grant injunctive relief because the action involved the title to a public

office. Appellee's position was that by virtue of his appointment and commission he was a *de facto* officer acting under color of authority and, as such, he was entitled to have the *status quo* preserved as against an adverse claimant who was interfering with him in the performance of the duties of such office, until such time as the title thereto could be determined in a proper proceeding for that purpose.

In the Felker case, at page 366 of 188 Ind., *supra,* this court said:

"Appellants' insistence is not well taken for the reason that the title to the office of state supervisor of oil inspection was clearly an unsettled question, and in such cases one claimant to the office may be enjoined by one occupying the office under a claim of right until the former shall have established his title in an action at law." Citing authorities.

And, further, at pages 370-371:

"So that therefore when the proceedings in this case brought to the attention of the trial judge, acting as a chancellor, a state of facts showing an existing office with two claimants, one in possession performing the duties of the office, claiming his authority to act under an appointment authorized by the law not judicially declared invalid, and the other claiming the right to administer the affairs of the same office by virtue of his appointment under another law, a *de facto* officer was shown on the part of the former entitling him to injunctive relief."

In our opinion the situation which faced the trial court in the case at bar is similar to that before the trial court in *Felker* v. *Caldwell, supra.*

Here the Gibson Circuit Court, as disclosed by the record before us, was faced with a state of facts showing two existing offices with two claimants to each, one in possession, performing the duties of the office, and

claiming his authority to act under an election by the Board of Directors at a meeting "not judicially declared invalid", and the other claiming and assuming to act, not as in the Felker case by virtue of and appointment under another law or by virtue of election by another Board of Directors, but solely upon their own presumption and assertion of right.

Upon this record the trial court could properly enjoin appellants herein from assuming to act as President and Vice President, respectively, of appellee corporation, and from in any manner interfering with the operation of its business, thus retaining the *status quo* until such time as appellants shall have established their title to such offices in an action at law, or until further order of the court. *Felker* v. *Caldwell, supra* (1919), 188 Ind. 364, 366, 123 N. E. 794.

*Third:* The record does not sustain appellants' contention that the question of title to an office is here involved. It was not necessary, under the facts in this case, for the trial court to determine the title to the office of President and Vice President of appellee corporation in order to enjoin appellants from claiming the office or presuming to act as President and Vice President, respectively, or from interfering with the operation of appellee corporation. *Felker* v. *Caldwell, supra.*

Appellants rely upon *The Carmel Natural Gas and Improvement Company* v. *Small et al.* (1898), 150 Ind. 427, 47 N. E. 11, to support their position that appellee's "sole, exclusive and adequate" remedy is afforded by §3-2001, *supra.* They contend that there is no distinction between the Carmel case and the case at bar. We do not agree.

In the Carmel case two factions of stockholders held, at the same time, rival meetings, each of which elected directors for the corporation and each set of directors

elected different officers of the corporation. There, both sets of directors were assuming to act for the corporation and the sole question to be determined upon the facts in that case, was the validity of the election of directors by that faction of stockholders adhering to the appellees.

The Carmel case was clearly one to remove the acting directors of the corporation who were alleged to have been illegally elected and information was the proper remedy to accomplish this purpose. *Smith and Others* v. *The Bank of the State &c.* (1862), 18 Ind. 327.

That is clearly not the situation in the case at bar. Here there are not two sets of officers, each elected by a separate Board of Directors claiming title to the offices. Rather, on the record here, there are claimants or persons presuming to act as officers and who are interfering with the conduct of such offices by persons who, on the record before us, were duly elected thereto, are in possession thereof, and are performing the duties in connection therewith. The title to the offices of President and Vice President of appellee are not in issue in this case as was the title to the offices of Directors in the Carmel case. Neither is this an action to remove officers of a corporation who were allegedly illegally elected as in the Carmel case.

Also, the case at bar is distinguished from the Carmel case in that here we do not have a situation where the defendant has actually usurped, intruded into, or is unlawfully holding or exercising the functions of an office as is true in the Carmel case, but here we have only persons, not in possession of the offices, attempting or presuming to usurp, or intrude into such offices which are occupied or held by persons under color of title and who are at least *de facto* officers.

We think the case at bar is clearly distinguishable

from the Carmel case, and that that case is not controlling here.

The other cases relied upon by appellants, *Doss* v. *Yingling* (1933), 204 Ind. 571, 185 N. E. 281, and *State ex rel. Seal* v. *Superior Court of Knox County* (1943), 221 Ind. 36, 46 N. E. 2d 226, involved the title to an office; and *Griebel* v. *The State ex rel. Niezer* (1887), 111 Ind. 369, 12 N. E. 700, was an information in the nature of a *quo warranto*. These cases are clearly distinguishable from the case at bar and lend no support to appellants' position that 'the trial court was without jurisdiction to grant injunctive relief to the appellee herein.

It is argued by the appellants that a judgment in this proceeding would be a bar to any future action by them to determine the title to the offices here in dispute.

The trial court herein in granting the temporary injunction did not assume to determine the title to the offices of President and Vice President of appellee corporation. Hence, any judgment rendered in this proceeding would not be a bar to an action in *quo warranto* to adjudicate the title to such offices.

The granting of such temporary injunction was only an indication that in the judgment of the court appellee had made a prima facie case sufficient to entitle it to the relief thereby granted. Under such circumstances the judgment of the trial court will not be disturbed.

In our opinion appellee, on the record before us, has pursued the proper remedy and the trial court was within its jurisdiction in granting injunctive relief and the judgment should be affirmed.

Judgment affirmed.

Achor, C. J., Arterburn, Emmert and Landis, JJ., concur.

NOTE.—Reported in 141 N. E. 2d 437.