Warden vs. Bayfield County.

WARDEN, Appellant, vs. BAYFIELD COUNTY, Respondent.

*February 5 — February 23, 1894.*

(1) *County treasurer: Estoppel of deputy to claim office.* (2) *Payment of salary to usurping deputy.* (3) *Qualification: Wilful neglect to approve bond.*

1. One who accepts the office of deputy under the county treasurer is estopped, while holding such deputyship, to deny or contest the title of the latter to the office of treasurer.
2. Payment of the salary of county treasurer to one who while deputy usurped the office of treasurer was not payment to an officer *de facto* and is no defense to an action for such salary by the rightful treasurer, especially where the county board was a party to such usurpation of the office.
3. *State ex rel. Warden v. Knight*, 82 Wis. 151, as to qualification of county treasurer when the county board wilfully neglects to approve his bond, adhered to.

APPEAL from the Circuit Court for *Bayfield* County. The facts are stated in the opinion.

*A. M. Warden* and *E. C. Alvord*, for the appellant.

*F. J. Colignon*, for the respondent, to the point that the county, having paid the salary to the *de facto* officer while in office, cannot be compelled to pay it again to the officer *de jure*, cited Mechem, Pub. Off. § 332; 5 Am. & Eng. Ency. of Law, 110; *Sigur v. Crenshaw*, 10 La. Ann. 298; *Petit v. Rousseau*, 15 id. 239; *Dolan v. New York*, 68 N. Y. 274; *Mc Veany v. New York*, 80 id. 185; *Terhune v. New York*, 88 id. 251; *Smith v. New York*, 37 id. 518; *Auditors v. Benoit*, 20 Mich. 176; McCrary, Am. Elect. sec. 204; *State ex rel. Warden v. Knight*, 82 Wis. 151, 154; *Michel v. New Orleans,* 32 La. Ann. 1094; *Parker v. Dakota Co.* 4 Minn. 59.

ORTON, C. J. This is an appeal to the circuit court from an order of the board of supervisors of *Bayfield* county disallowing the plaintiff's claim for $820 of his salary as

county treasurer of said county for the year 1891, and an appeal from the judgment of the circuit court against the plaintiff.

The county board had fixed the salary of the county treasurer at $1,200 a year. The plaintiff's term of service commenced from the 24th day of January, 1891, the time of his qualification for said office, and his salary for that year was therefore only $1,120. The board allowed him $300 for the fourth quarter of the year, which, being deducted, left said sum of $820, for which he had filed his claim. The incumbent of the office for the previous term was one Alonzo Knight, who held over until said 24th day of January, 1891, when the plaintiff qualified and took possession of the office. On that day, the plaintiff, as such treasurer, appointed, in writing, the said Knight as his deputy, and he (the said Knight) filed the same, together with his official oath, which he had sworn and subscribed as such deputy, in the office of the county clerk of said county. Very soon thereafter, the said Knight expelled the plaintiff from said office, and usurped the same, and took possession of said office and the books, papers, moneys, and effects thereof, and commenced the discharge of the duties thereof, and continued such usurpation until excluded therefrom by the judgment of this court on the 2d day of December, 1891, in the case of *State ex rel. Warden v. Knight,* 82 Wis. 151. All the material facts stated in the pleadings in this case in respect to the title to said office were stated and considered in that case, and the judgment in that case must be held conclusive of the plaintiff's title to said office for the term beginning on the first Monday of January, 1891. The matters of that case may not be strictly *res adjudicatæ* in this case, but that judgment is the highest and most conclusive evidence of the plaintiff's title to said office, in this case.

1. The learned counsel of the respondent still insists in

his brief that the plaintiff never qualified for said office, because his bond was never approved by the county board, and that he was not, therefore, *de jure* the county treasurer, and that the said Knight was the treasurer both *de facto* and *de jure*, and entitled to the salary of the office. This court held in the above case that the said plaintiff did qualify for that office, as far as it was possible for him to do so, in consequence of the wilful neglect of the county board to approve his bond, and that that was sufficient. We shall certainly not reconsider that case in this.

2. The learned counsel contends that the said Knight was the officer by color of right and *de facto*. By accepting the office of deputy under the plaintiff as treasurer, Knight is estopped to deny that the plaintiff was lawfully and rightfully such treasurer, and to claim that he was the treasurer *de facto*, or in any other sense. *Allegans contraria non est audiendus.* He cannot be heard to claim that he was in that office in any other capacity, character, or right than as the plaintiff's deputy. He cannot claim title to the office, or contest the plaintiff's title to it, until he resigns his office of deputy treasurer and thereby disclaims such title. He is as much estopped to deny the title of his principal under whom he holds as a tenant is estopped to deny the title of his landlord, and by the same principle. *Strain v. Gardner*, 61 Wis. 174; *Perry v. Williams*, 39 Wis. 339. Knight cannot claim that he had any color of right to the office, or that he was such officer *de facto*, for that would be inconsistent with his deputyship under the plaintiff. The case of *La Pointe v. O'Malley*, 46 Wis. 35, effectually disposes of Knight's claim to hold by color of right or *de facto*. Knight was a mere deputy, and undertook to turn his principal out of the office. That is the attitude in which he has voluntarily placed himself. He was an intruder and an usurper without the color of right. When he found that the county board would recognize and

abet his false claim to the office, and wilfully neglect to approve the plaintiff's official bond, he was tempted to claim the office and commit an act of perfidy towards his principal officer; and the scheme was successful, even to the extent of obtaining from the board the salary of the office that belonged to the plaintiff. The county board was so anxious to put an end to the plaintiff's right to the office, after rejecting the plaintiff's additional bond, that they declared the office *vacant.* If this was effectual for any purpose it put Knight out of the office as well as the plaintiff. The conduct of the said Knight and the action of the board were in utter bad faith towards the plaintiff. It would be a violation of every principle of law for Knight to build up any kind of title to the office on such conduct.

3. The learned counsel of the respondent contends that the county board had a right to pay the salary, to the extent of $900 which it paid, to the said Knight as the treasurer *de facto,* and is not now bound to pay the salary to the plaintiff as treasurer *de jure.* As we have already seen, Knight was not treasurer *de facto* or in any sense. He was an intruder without *color of right,* and color of right is essential to make an officer *de facto. In re Burke,* 76 Wis. 357; *In re Manning,* 76 Wis. 365, and cases cited. The county board made itself a party to the faithless conduct of Knight, and paid the salary to Knight as a part of the corrupt scheme to defraud the plaintiff of his office and the emoluments thereof, and the county should not be allowed to allege such a fraud in defense of this action. The learned counsel says in his brief that the chairman of the county board had a right to rely upon Knight's apparent title, and issue the orders to him for salary, etc. The chairman of the board did not rely upon his *apparent* title to the office, for he knew he had no title, and paid the salary to him to aid him in his usurpation of the office. The authorities cited by the learned counsel have no application

to such a case. The plaintiff was county treasurer, and he was entitled to the salary fixed for that officer, as he was ready and willing to discharge all the duties of the office, but was prevented by the said Knight, aided and abetted by the county board. The authorities cited by the learned counsel of the appellant are apt and sufficient for the case. *State ex rel. Worrell v. Carr*, 129 Ind. 49; *Wilcox v. Smith*, 5 Wend. 231; *La Pointe v. O'Malley*, 46 Wis. 35; *Kehn v. State*, 65 How. Pr. 498; *People ex rel. Dennis v. Brennan*, 30 How. Pr. 417; *Williams v. Clayton*, 6 Utah, 86; *McCue v. Wapello Co.* 56 Iowa, 698; *Ward v. Marshall*, 96 Cal. 155; *People ex rel. Culbertson v. Potter*, 63 Cal. 127; *Burke v. Edgar*, 67 Cal. 182; *Fitzsimmons v. Brooklyn*, 102 N. Y. 536. The plaintiff was clearly entitled to the said balance of his salary for the year 1891.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in favor of the plaintiff and against *Bayfield County* for the amount demanded in the complaint.