### SCOTT *v.* CRUMP.

OFFICERS—RIGHT TO SALARY—CONFLICTING CLAIMS—PAYMENT.

Payment of a fixed salary to a *de facto* officer while he is holding the office and discharging its duties constitutes a complete defense to an action brought by the officer *de jure,* after judgment of ouster, to recover the salary for the same period; and, in case of an elective city office, it makes no difference (1) that the members of the common council were *ex officio* members of the board of canvassers, and as such issued to the incumbent a certificate of election, no fraud or misconduct being imputed to them; (2) that the council assumed the defense of the *quo warranto* proceeding instituted by the claimant; or (3) that certain charter provisions were not observed in making the payments. But payments made after judgment of ouster has been rendered are unwarranted, and the municipality is liable to the officer *de jure* for the amount of the same.

*Certiorari* to Bay; Maxwell, J. Submitted June 4, 1895. Decided July 13, 1895.

*Mandamus* by James A. Scott to compel Rosseau O. Crump and others, constituting the mayor, common council, and recorder of West Bay City, to issue an order for

the payment of relator's salary as comptroller. From an order granting the writ, respondents bring *certiorari*. Judgment modified and affirmed.

*Hatch & Cooley, T. A. E. & J. C. Weadock*, and *James E. Duffy*, for relator.

*G. H. Francis (T. F. Shepard,* of counsel), for respondents.

McGRATH, C. J. At the charter election in West Bay City held April 3, 1893, James A. Scott, relator, was a candidate for comptroller. The returns of the election inspectors gave him 14 votes over Charles Glaser, the opposing candidate. Mr. Glaser filed a petition for a recount, which was had, and Glaser was declared elected, and was inducted into the office in April, 1893, and performed the duties of that office until January 11, 1895. *Quo warranto* proceedings were instituted July 11, 1893, which ultimated in a judgment of ouster, in favor of Scott, January 8, 1895. The city paid the salary to Glaser while he occupied the office, and this is a proceeding to compel payment to relator of the salary for the period during which he was excluded from the office.

It was held in *Board of Auditors* v. *Benoit*, 20 Mich. 176, after very full consideration, that payment of a fixed salary to a *de facto* officer while he is holding the office and discharging its duties is a complete answer to an action brought after a judgment of ouster. Counsel for relator, however, insist that the city was notified of relator's claim of right to the office and of the proposed contest, and that any payments to the incumbent would be at the city's peril; that the council must be presumed to have known that the rejected ballots were legal ballots, and that Glaser was not in office under color of title; that in the present case the authority by virtue of which Glaser was inducted into office proceeded from the council; and that the council was a party to the usurpation.

106 MICH.—19.

Counsel are in error in assuming that Glaser could not have compelled payment of the salary pending the *quo warranto* proceeding, and that the council was in a situation to withhold payment. The Benoit case was expressly put upon the ground that the title to the office could not be tried in a proceeding to compel the payment of the salary. That question could only be tried in the *quo warranto* proceeding, and until its determination there was no answer to Glaser's claim for the salary. Glaser was not an intruder or usurper, in the sense that the payment of his salary could have been refused. He held the certificate of election granted by the board of canvassers. It matters not that the members of the common council were *ex officio* members of the canvassing board. They did not act as a common council in the canvass, but as a board of election canvassers. The common council, acting as such, had no authority in the premises, and could not have afterwards determined the question involved. Glaser could not have settled the question by consenting to withdraw in favor of relator. That issue could be determined in but one forum, and in a proceeding to which the people of the State were made parties. Fraud is not charged, nor can an inference of fraud or improper conduct be predicated, upon the action of the board of canvassers. The determination which they made was reviewed by this court, and, after a hearing and a rehearing, it was finally held that relator was elected by a majority of one. *Attorney General* v. *Glaser*, 102 Mich. 405. Conceding that the council, in undertaking the defense to the *quo warranto* proceeding, acted improperly, the municipality is not thereby estopped. Their action did not enter into that controversy, nor did they interpose any obstacle to the determination of the question at issue. In *Stadler* v. *City of Detroit*, 13 Mich. 346, Mahaney's appointment was without authority of law. It had been made by the council. Stadler had not been removed or ousted. The council had the power of removal, and it had not exercised it

in either case.    Mahaney's right to the salary depended
upon the validity of that appointment.

It is insisted, however, that the salary was paid to
Glaser without the proper action of the council there-
upon, under the charter of the city; but it has neverthe-
less been paid, and Glaser was entitled to its payment at
the time made.    The salary paid to an officer, to which he
was entitled when paid, could not be recovered back
simply because certain provisions of the charter had not
been observed in making the payment.

It appears, however, that the last payment to Glaser
was made after the judgment of ouster had been ren-
dered.    Such payment was unwarranted. *Comstock* v. *City
of Grand Rapids*, 40 Mich. 397; *McVeany* v. *Mayor, etc., of
New York*, 80 N. Y. 185; *Dolan* v. *Mayor, etc., of New York*,
68 N. Y. 274.

The judgment will be affirmed with respect to the
amount of the last payment so made, and a *mandamus*
will issue directing the payment over to relator of
such amount.    In other respects the determination of the
court below is reversed.    No costs will be awarded.

The other Justices concurred.