MORTON *v.* CITY OF AURORA ET AL.

[No. 14,404. Filed July 27, 1932. Rehearing denied October 27, 1932. Transfer denied March 16, 1933.]

204

*Hugh D. Wickens, McMullen & McMullen,* for appellant.

*Crawford A. Peters* and *Clinton H. Givan,* for appellees.

Wood, C. J.—Appellant brought suit against appellees on a second amended complaint in one paragraph to recover the salary attached to the office of Clerk-Treasurer of the city of Aurora, from April 14, 1926, to February 1, 1928, which it was alleged was wrongfully and unlawfully paid to one Jesse Henry, an unlawful intruder in and usurper of said office. A separate demurrer to the complaint, on behalf of each of the appellees, for want of facts was sustained. Appellant refused to plead further, and judgment was rendered for appellees. From this judgment appellant appeals, assigning as error the sustaining of appellee's separte demurrer to his second amended complaint.

Said complaint, omitting the caption, prayer and signature of attorneys, was as follows:

"The plaintiff, for second amended complaint, says that heretofore, on the 14th day of April, 1926, the plaintiff, being eligible thereto, was duly appointed to the office of Clerk-Treasurer of said city of Aurora, by Edward J. Libbert, the Mayor of said city, a vacancy existing in said office at said time.

"That by an ordinance, duly and legally passed by the Common Council of said city of Aurora, prior to the Primary Election held in said city in May, 1926, the offices of Clerk and Treasurer were combined under the title of 'Clerk-Treasurer,' and said ordinance was in full force and effect at all times thereafter.

"That plaintiff was so appointed to fill said office until his successor should be regularly elected and qualified and that no successor was so elected or qualified until January 6, 1930.

"That immediately upon his appointment as aforesaid, the plaintiff qualified and entered upon and discharged the duties of said office and became entitled thereby to all the fees and emoluments thereof from the time of his appointment until his successor should be elected and qualified.

"That said plaintiff continued to discharge the duties of his said office but was illegally and unlawfully ousted therefrom by one Jesse Henry, now deceased, and the former husband of the defendant, Hazel Henry.

"That said Jesse Henry had no title to said office at the time he ousted this plaintiff and intruded himself therein, nor during any of the times herein mentioned; that said Henry's sole claim to said office was by virtue of an alleged election, claimed to have been held in said city of Aurora on the — day of November, 1925. That said pretended election was illegal and void, and was so decreed by said Dearborn Circuit Court in an action brought and decided in said court wherein said Henry as a candidate for said office of Clerk-Treasurer was a party and in which judgment was rendered on the 19th day of April, 1926, decreeing and adjudging that said election and especially as to the office of Clerk-Treasurer as claimed by said Henry was illegal and void and neither said Henry nor any other person were entitled to any right thereunder. That said judgment has since remained at all times in full force and effect and the same was thereafter on the — day of ————, 1927, duly affirmed by a judgment of the Supreme Court of Indiana.

"That said defendant, city of Aurora, and all the officers thereof, had full notice and knowledge of said judgment and that during all the time complained of herein, one Erastus W. Cadwell was the acting Mayor of said City, and Roscoe Hilton and John Giffin were members of the Common Council thereof, and all said last named persons were parties to said judgment and decree, holding said

election void and of no force and effect. That for some months prior to said election, as well as at the time thereof and afterwards, there were many serious controversies among the citizens of said city as to who were the properly elected and qualified officers of said city resulting in many lawsuits, both civil and criminal, and the circumstances connected with said controversies and lawsuits were common knowledge and general notoriety in the said city and county and elsewhere.

"That immediately after said Henry intruded into said office and ousted this plaintiff therefrom, this plaintiff filed with said city and with the Common Council thereof, his protest in writing, informing said defendants that this plaintiff was claiming and entitled to said office and that any payments to said Henry of salary therefor would be illegal.

"That in said judgment aforesaid, it was further found and decreed that one Edward J. Libbert, was entitled to the office of Mayor of said city at said time and until his successor was duly elected and qualified. That said Edward J. Libbert continued to be the duly elected and qualified Mayor of said City until January 6, 1930, and that this plaintiff was duly appointed Clerk-Treasurer as aforesaid by said Edward J. Libbert as Mayor of said city; and that said defendants had full knowledge of all the facts aforesaid at and during the times herein alleged.

"That the plaintiff continued to be entitled to said office and to receive all fees and emoluments thereof from April 14, 1926, to and including January 6, 1930, at noon. That the fees and emoluments of said office of Clerk-Treasurer for said time amounting to $2,420.29 were paid to said Jesse Henry by the defendant, City of Aurora, Indiana, and such payments were so made to said Henry and so received by him with knowledge of all the facts above alleged and pursuant to a conspiracy and agreement between said Henry, said Cadwell and others attempting

and pretending to hold possession of the offices of said City unlawfully with intent to cheat this plaintiff and to deprive him of the fees and emoluments thereof.

"That this plaintiff received no fees nor emoluments from said office of Clerk-Treasurer from April 14, 1926, to February, 1928, but he has ever and during all said time been ready and willing to discharge the duties of said office, and said salary was paid by said city and received by said Jesse Henry over the written protest of this plaintiff and with knowledge that said payments were illegal; that neither of said defendants acted in good faith in said transactions as above detailed.

"Plaintiff further alleges that said Jesse Henry, during all said time, unlawfully and without right forcibly and against the will and protest and without the consent of this plaintiff, illegally usurped said office and collected all fees and emoluments thereof until February 1, 1928, notwithstanding that said defendants and said Jesse Henry knew that said occupancy of said office was illegal, in violation of law and the judgment of the Court.

"That, prior to January 1, 1926, said city of Aurora, by an ordinance duly and legally adopted and published, appropriated money for the payment of the fees and emoluments of said office of Clerk-Treasurer, and, during the years 1926, 1927 and 1928, there was existing and unexpended appropriation for the payment of such fees and emoluments.

"That said defendants and each of them have failed and refused to pay to this plaintiff said fees and emoluments due from said office of Clerk-Treasurer as above set forth or any part thereof, although payment of the same was demanded by this plaintiff from said defend-

"That, after the matters and things herein complained of, viz.: On the — day of ————, 19—, said Jesse Henry departed this life intestate and that all his estate

of every kind and description was taken and appropriated by the defendant Hazel Henry as widow and heir of said decedent, and she now holds possession thereof and no administration of said estate has been had or is now pending.

"That said plaintiff has incurred expense in the sum of Five Hundred ($500.00) Dollars in the prosecution of his said claim against said defendants in attorneys' fees and other expenses, which said expenses were necessary and reasonable; that payment of said sums have been demanded by this plaintiff from said defendants and payment thereof refused by them."

The last clause of the complaint demanding attorneys' fees, was on motion of appellees stricken out. The correctness of this ruling is not questioned in any manner. We therefore give it no further consideration.

For the purpose of testing the sufficiency of the complaint to state a cause of action, a demurrer admits the truth of all facts well pleaded, but it does not admit conclusions of law, nor all conclusions which may be drawn from such facts by the pleader. *Greathouse* v. *Board of School Commissioners of City of Indianapolis* (1926), 198 Ind. 95, 151 N. E. 411.

While there is a conflict among the authorities of the different states, and there seems to be some confusion in the opinions of the courts of our own state on the subject, in the late case of *State of Indiana ex rel. Ham* v. *Hulley, Mayor* (1922), 192 Ind. 547, 137 N. E. 177, 178, our Supreme Court stated the rule defining the right of a de jure officer to recover from a municipality, the salary incident to the office, which had already been paid to a de facto officer in this language: "The great weight of authority is to the effect that, where a de facto officer of a municipal corporation has received from the proper disbursing officers in regular course the salary attached to the office held by him for the time he

occupied such office and performed the duties thereof, the municipal corporation is not thereafter liable to the de jure officer for such salary, though he may obtain possession of the office and show that he has been kept out of it by wrongful acts of other officers of the municipality."

But if Jesse Henry intruded himself into the office without any authority of law, or color of title, with knowledge of the appellee, city of Aurora, and exercised the function thereof under such circumstances that he was a mere usurper, then the rule above announced would not apply. Appellant alleges that immediately upon his appointment as clerk he qualified and entered upon the discharge of the duties of his office and continued therein until illegally and unlawfully ousted therefrom by Jesse Henry; that Henry had no title thereto, and the only claim which he had to said office was by virtue of an alleged election which was declared illegal and void in a quo-warranto proceedings brought against Henry and other respondents in the Dearborn Circuit Court, wherein a judgment of ouster was entered on April 19, 1926. From this judgment an appeal was taken to the Supreme Court by Henry, and his co-parties. Turning to the official report of this case, to-wit: *Cadwell* v. *Teaney* (1927), 199 Ind. 634, 157 N. E. 51, 52, we gather these facts as set out in the opinion of the court. In May, 1925, a primary election was held in the city of Aurora for the purpose of nominating candidates on the Democratic and Republican tickets to be voted for at the November election. On October 10, 1925, certain citizens of the city duly filed with the city clerk a petition nominating candidates on a Citizens' ticket, to be voted for at said election. Thereafter and prior to the election, a mandamus proceedings was brought against Jesse Henry, the city clerk, and one Joseph Kinnett, who constituted the board of election commissioners

of said city, to compel them to place the candidates of the Citizens' party upon the ballot. Judgment was rendered in favor of the relators. We quote as follows from the opinion of the court in the above case: "In the allegations in the information in this action it appears that the election commissioners, who were respondents in the mandate proceeding, disobeyed the mandate and submitted ballots to the election inspector upon which were printed the candidates named at the primary election for both the Democratic and Republican tickets, but did not have printed thereon the candidates named by petition for the Citizens' party ticket. At the election held the winning candidates were from both the Democratic and Republican tickets, the candidates of neither party ticket as a whole having been elected. The board of election commissioners delivered to the candidates receiving the highest number of votes certificates of election, and the persons holding these certificates took oaths of office, filed bonds where necessary, and on the first Monday in January, at noon, 1926, demanded the respective offices from those who held office by virtue of the preceding election until noon, the first Monday of January, 1926. The several officers, part of whom are relators in this action, who had been elected at the November election 1921, surrendered such offices under protest, which protest was reduced to writing and delivered to those who claimed the offices by virtue of certificates of election based upon the election November, 1925. Thereafter, January 12, 1926, relators brought this action which inquired into the right of the respondents to hold the offices of which they are now in possession."

The judgment of the Dearborn Circuit Court ousting Jesse Henry from the office of Clerk-Treasurer of the city of Aurora was affirmed by the Supreme Court as alleged in the complaint. A rehearing was denied February 3, 1928. In holding that the Circuit Court did not commit

error in overruling motions of the respondent's attacking the jurisdiction of the court, both as to the persons and subject matter, the Supreme Court in the case said: "Under the motions hereinbefore referred to, respondents relied upon the proposition that there was a misjoinder of parties in this action, in that inquiry might not be made in one action as to the rights of several parties to hold offices now in their possession, but that the action should be separate for each office. The opinion of the court is that both motions were correctly overruled. In this action the rights of the different persons to hold the separate city offices and which were in question, all depend upon one and the same election. If the election was bad as to one, it was bad as to all."

The appeal of Jesse Henry to the Supreme Court from the judgment of ouster of the Dearborn Circuit Court did not have the effect of vacating said judgment, but it remained in full force and effect, and was binding upon the parties. *Hawkins* v. *State* (1890), 126 Ind. 294, 26 N. E. 43; *Cadwell* v. *Teaney, supra;* 46 C. J. p. 1013.

In view of the facts alleged in the complaint, and the statements of fact and law as announced in the case of *Cadwell* v. *Teaney, supra,* it is apparent, that from April 19, 1926, to February 1, 1928, during which time Jesse Henry occupied and performed the functions of the office of Clerk-Treasurer of the city of Aurora, and excluded appellant therefrom, he was an intruder in and usurper of said office, without any lawful right or color of title thereto. Such being the case, was appellant entitled to recover from appellee city, the salary incident to the office during that period of time, even though it had been paid to Jesse Henry?

A usurper of a public office has been defined as "one who intrudes himself into an office which is vacant, or

ousts the incumbent, without any color of title," and further it has been declared that, "a usurper is not an officer at all, or for any purpose; for there cannot be a de facte officer when a de jure officer already fills the office." *Commonwealth* v. *Bush* (1909), 131 Ky. 384, 115 S. W. 249, 252.

The complaint alleges that the city of Aurora, and all officers thereof had full notice and knowledge of the judgment of ouster against Henry and his co-parties; that the acting Mayor, and two of the city councilmen were parties to said judgment of ouster; that immediately after Henry intruded himself into said office and ousted appellant therefrom, he (appellant) filed with said city and the common council thereof, his written protest, also informing them that he was claiming and entitled to said office and that any payment of salary attached thereto, to Henry would be illegal. The complaint also alleges that appellant, immediately upon his appointment, qualified and entered upon and discharged the duties of the office.

The identical question here involved does not seem to have been passed upon by the courts of our state, and we are required to look to the decisions of other jurisdictions for guidance. An examination of these decisions where the question has been discussed by the courts leads us to the conclusion, that where a judgment of ouster has been entered against a claimant to an office, that so long as that judgment is in full force and effect, such claimant has no right or color of title to such office, and if he persists in the occupancy of the same, he is an intruder and usurper, and a suit against the municipality of which he claims to be such officer, by the de jure officer, for the salary incident to the office can be successfully maintained even though the municipality may have paid the salary to such usurping officer. This is especially true if the salary is paid with notice of all the surrounding facts and circum-

stances as alleged in the complaint in the case at bar. *McVeany* v. *Mayor* (1880), 80 N. Y. 185, 35 Am. Rep 600; *In re Town of Portsmouth* (1848), 19 N. H. 115; *Warden* v. *Bayfield County* (1894), 87 Wis. 181, 58 N. W. 248; *Hugg.* v. *Ivins* (1896), 59 N. J. L. 139, 36 Atl. 685; *People ex rel Dorsey* v. *Smyth* (1865), 28 Cal. 21; *Scott* v. *Crump* (1895), 106 Mich. 288, 64 N. W. 1, 58 Am. St. Rep. 478; *North* v. *City of Battle Creek* (1915), 185 Mich. 592, 132 N. W. 194; *Walters* v. *City of Paducah* (1909), 123 S. W. 287; *City of Ardmore* v. *Sayre* (1915), 54 Okla. 779, 154 Pac. 356. "Where the illegal assumption of official powers is promptly challenged. . . . The rule as to de facto officers does not apply." *Golden* v. *Mitchell* (1920), 107 Kansas 1, 190 Pac. 785, 786. We therefore hold that the complaint stated a good cause of action against the appellee city of Aurora.

The salary of a public office belongs to the person occupying or holding the office as an incident thereof, and does not depend upon his performance of the duties of the office. *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 93 N. E. 872; *City of Terre Haute* v. *Burns* (1917), 69 Ind. App. 7, 116 N. E. 604, and the de jure officer can collect from the de facto officer any salary which he may have received while so occupying such office. *Douglass* v. *State ex rel. Wright* (1869), 31 Ind. 429; *Glascock* v. *Lyons* (1863), 20 Ind. 1, 83 Am. Dec. 299.

The same rule would necessarily apply with equal force where the person occuping the office was a usurper. It does not follow, however, that upon the death of the person who assumed to act as such officer, his surviving widow would be personally liable for any portion of the salary received by him. The allegations of the complaint, so far as they seek to state a cause of action against Hazel Henry, the surviving widow of Jesse Henry, fall far of accomplishing that purpose.

The judgment is reversed as to the appellee, city of Aurora, with instructions to overrule the demurrer of said appellee to appellent's complaint. The judgment is affirmed as to the appellee, Hazel Henry.