EDINGTON *v.* BOARD OF COMMISSIONERS OF MARTIN COUNTY ET AL.

[No. 15,813. Filed March 29, 1938.]

*Curtis C. Hendren* and *Clarence R. Martin,* for appellant.

*Edgar M. Blessing, F. Givin* and *William E. Jenner,* for appellees.

Wood, J.—The appellant and the appellee Rome Osborn each brought separate actions against the appellee, Board of Commissioners of Martin County, for salary as county superintendent of schools of said county from August 16, 1933, to April 18, 1935, inclusive. Both of these actions were taken on a change of venue to Greene County, where, by agreement of the parties, they were

consolidated and submitted to the court for trial upon an agreed statement of facts as provided by Sections 2-2201 to 2-2203, inclusive, Burns 1933 (§§362 to 364 Baldwin's 1934).

Upon the agreed statement of facts, the court concluded the law to be:

"1. That the law is with the plaintiff, Rome Osborn, on his claim against the Board of County Commissioners of Martin County, Indiana;

"2. That the plaintiff, Rome Osborn, is entitled to recover of and from the Board of County Commissioners of Martin County, Indiana, the sum of $2,778.22;

"3. That the law is against the plaintiff, Roy V. Edington, on his claim against the Board of County Commissioners of Martin County, Indiana, for his salary as County Superintendent; but that he is entitled to be reimbursed for expenses actually laid out by him for the benefit of the office of County Superintendent;

"4. That the plaintiff, Roy V. Edington, take nothing on his claim for salary but is entitled to recover of and from the Board of County Commissioners of Martin County, Indiana, the sum of $174.45 expended by him in the discharge of the duties of the office of County Superintendent while he kept possession of said office."

Judgment was entered in harmony with these conclusions of law and appellant has appealed, assigning as error for reversal that the court erred in each of its conclusions of law.

Appellant predicates his right to a reversal of this cause upon the ground that from August 16, 1933, until April 18, 1935, he was in possession of the office of, and acting as county superintendent of schools of Martin County, as a *de facto* officer and that he is, therefore, entitled to the salary incident to the office in preference to the appellee Osborn. Neither the facts nor the law sustain the appellant in this contention.

From the facts it appears that the appellant was the

duly qualified and acting county superintendent of schools of Martin County; that his term of office expired on August 16, 1933. On June 5, 1933, the appellee Osborn, who was qualified for the position so far as education, experience and license were concerned, but who at that time was a resident of Hendricks County, was elected to succeed appellant in the office. Osborn qualified by taking the necessary oath of office and filed his bond as required by law and on August 16, 1933, demanded possession of the office and its appurtenances from the appellant, who refused to surrender the same to appellee Osborn on the sole ground that he, Osborn, was not a resident of Martin County and was, therefore, disqualified to hold the office. Immediately thereafter and on the same day, Osborn set up an office as county superintendent of schools of Martin County in a room in the courthouse of said county and continued to act in that capacity until September 9, 1933. On September 1, 1933, appellant, as county superintendent of schools of Martin County, brought an action against the board of commissioners, county auditor, county treasurer and the appellee, to enjoin the issuance or payment of any warrants to Osborn for salary as county superintendent of schools. Such proceedings were had in this action as that a judgment was finally entered, permanently enjoining the defendants from issuing any warrant for salary or paying the same to Osborn as county superintendent of schools. On September 7, 1933, appellant brought an action against Osborn to enjoin him from intruding himself into, or attempting to exercise the duties of said office, until such time as action in *quo warranto,* brought by Osborn against appellant, to determine the title to said office had been finally determined. A temporary restraining order was issued upon the filing of the complaint in this action. Thereafter, such proceedings were had in said action as that a

final judgment was entered, enjoining the appellee from occupying or exercising the duties of the office until the action in *quo warranto* was finally determined. On April 9, 1935, in the case of *State ex rel. Osborn* v. *Edington* (1935), 208 Ind. 160, 195 N. E. 92, the Supreme Court adjudged that Osborn was the duly elected county superintendent of schools of Martin County, qualified to act and entitled to the possession of the office and ordered the trial court to enter judgment accordingly. On April 18, 1935, Osborn again demanded possession of the office and its appurtenances from appellant, who thereupon surrendered the same to Osborn. From August 16, 1933, to April 18, 1935, the appellant refused to surrender possession of the office and its appurtenances to Osborn but occupied the same, holding himself out to the public as county superintendent of schools of Martin County and acting in that capacity. He filed claims with the appellee board of commissioners for his salary and legitimate expenses incurred by him during the interval between the above dates. These claims were all rejected and never paid. Appellee Osborn also filed his claims with the appellee board of commissioners for salary and expenses incurred by him during the interval between the above dates. These claims were rejected and never paid. This action grows out of the refusal of the board of commissioners of Martin County to allow or pay either one of these respective claims.

The real question which we are called upon to determine can best be stated by a process of elimination. Thus, this is not an action by the appellee Osborn to recover the salary and expenses incident to the office of county superintendent of schools from the appellant, after it had been paid to him by the appellee board of commissioners, while appellant claimed to act as a *de facto* officer. It is not an action to recover said salary from the board of commissioners, after it had paid

same to appellant, while occupying said office as a *de facto* officer. This is an action by Osborn, as county superintendent of schools of Martin County, adjudged to be such *de jure* by the Supreme Court, against the board of commissioners of said county, to recover the salary and expenses incident to said office between the dates of August 13, 1933, and April 18, 1935, while the appellant claims to have occupied said office as a *de facto* officer, which salary the board of commissioners never paid to either appellee Osborn or the appellant, while the appellant claims said salary for the same period of time, as the *de facto* county superintendent of schools of the county. While the facts point strongly to the conclusion that the appellant was a mere intruder and his possession and exercise of the functions of the office a usurpation, it is not necessary for us to go that far in determining the rights of the parties in this case. See *Douglas* v. *State ex rel. Wright* (1869), 31 Ind. 429.

The case of *State ex rel. Worrell* v. *Carr, Auditor* (1891), 129 Ind. 44, 28 N. E. 88, was an action in mandamus by the appellant, claiming to be the *de jure* Chief of the Indiana Bureau of Statistics, against the appellee as Auditor of State, to compel such auditor to draw his warrant on the Treasurer of State, payable to appellant, compensating him for the salary incident to the office, of which he claimed to be the rightful and lawful occupant. It appeared from the facts that the appellee as such auditor had issued a warrant for a portion of the salary claimed by the appellant to another person, who claimed to be the rightful occupant of the office. In that case, the appellant had been adjudged the *de jure* officer by proceedings in *quo warranto*.

The decision of the court in that case has never been overruled nor limited in its effect as applied to analo-

gous facts and has been cited with approval by courts of other states and by recognized authorities. The facts involved were in many respects quite similar to the facts presented by the record in the instant case. The language of the court in the Worrell case is especially applicable here. The court said (pp. 49, 50, 55):

"Indeed, the later and better reasoned cases hold that the salary is an incident to the office, and belongs by law to the person holding the legal title to the office, and that he can sue and recover it regardless of the fact whether he is occupying and discharging the duties of the office or not, if he be willing to do so, but is kept out by another who is claiming to act as an officer *de facto.*"

\* \* \*

"It is true, the State and the public are interested in having a public office filled; and when one holds an office, though without title, and acts as an officer *de facto,* and keeps out the *de jure* officer, and while so in possession discharges the duties of the office, the public good demands that the acts of such *de facto* officer, in so far as they affect third parties or the public, be declared valid; but there is no valid reason for declaring that, as between the *de jure* and *de facto* officer, the *de facto* officer is entitled to the salary, or that he, by excluding the *de jure* officer, can prevent him from receiving the salary, or for holding that where one charged with the duty of paying the salary, when with knowledge of all the facts he pays to the *de facto* officer, he shall be relieved from paying to the *de jure* officer. The disbursing officer can not be sued or compelled to pay a *de facto* officer. When the *de facto* officer sues for his salary he brings in question the title to the office, and he can not recover without establishing his legal right and title to the office."

\* \* \*

" 'A *de facto* officer has no legal right to the emoluments of the office, the duties of which he performs under color of an appointment, but without legal title. He can not maintain an action for the salary. His action puts in issue his legal title to the office, and he can not recover by showing

merely that he was an officer *de facto*. In *Nichols* v. *MacLean*, 101 N. Y. 526, 54 Am. Rep. 730, the court says: "It is abundantly settled by authority that an officer *de facto* can, as a general rule, assert no right of property, and that his acts are void, as to himself, unless he is also an officer *de jure*." In Cro. Eliz. 699, the doctrine is tersely stated as follows: "The act of an officer *de facto,* when it is for his own benefit, is void; because he shall not take advantage of his own want of title, which he must be conusant of; but where it is for the benefit of strangers or the public, who are presumed to be ignorant of such defect of title, it is good." ' "

See also: *Morton* v. *City of Aurora* (1932), 96 Ind. App. 203, 182 N. E. 259.

"It is generally held that a *de facto* officer is not entitled to bring suit to recover compensation for his services although he has performed the duties of the office. He is required to prove his title to the office before he can recover, for when an action for salary is brought the title is in issue and must be established."

22 R. C. L., Sec. 321, at page 599, and authorities there cited; Mechem on Public Officers, Section 331, page 221; *Dolan* v. *Mayor* (1877), 68 N. Y. 274.

It has been held that, "Where the illegal assumption of official powers is promptly challenged, . . . the rule as to *de facto* officers does not apply." *Golden* v. *Mitchell* (1920), 107 Kan. 1, 4, 190 Pac. 785.

Appellant does not contend that his right to possession and exercise of the functions of the office are of a degree any higher than that of an officer *de facto* and the facts in the record show nothing more favorable to his position. In fact appellant seeks, as a *de facto* officer, to set up a claim to the salary incident to an office to which the record shows conclusively that the appellee was entitled, as a *de jure* officer, during the entire period of time for which appellant seeks to recover the salary. The rules of law quoted from the

authorities above cited, which are applicable to the facts presented by the record, make it clear that the appellant is precluded from a recovery. Appellant cites and relies upon the case of *Standard Oil Company* v. *Henry* (1922), 192 Ind. 171, 133 N. E. 742, and *Indian Refining Company* v. *Taylor* (1924), 195 Ind. 223, 143 N. E. 682. The facts in those two cases are so different from the facts in the case before us, that what the Supreme Court said in disposing of them cannot be regarded as a controlling precedent, applicable in the instant case.

In *Dolan* v. *Mayor, supra,* the court said (p. 282) :

"It remains to consider whether the plaintiff is entitled to recover the salary for the three months prior to March 1, 1874, during which the services were rendered by Keating, and for which no salary has been paid. The city has had the benefit of the services of assistant clerk during the time, rendered, it is true, by the *de facto* and not by the *de jure* officer. The plaintiff has regained possession of the office under a title which accrued prior to the time the services were rendered."

"There is no apparent equity in permitting the city to escape from the payment of the unpaid salary, when claimed by the *de jure* officer. We think it may consistently be held that the plaintiff may treat the services as having been rendered by Keating for him, and that he may recover the unpaid salary upon that assumption."

The appellant seeks to question the jurisdiction of the Greene Circuit Court over the subject-matter of this action. An examination of the record fails to sustain appellant in this contention.

The appellee, Board of Commissioners, has not questioned the correctness of the conclusions of law nor the judgment entered against it in any way. No reversible error being presented, the judgment is affirmed.

Dudine, P. J., not participating.