FILED

Jan 22 2021, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Charles E. McFarland
New Castle, Kentucky

John R. Vissing
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

R. Patrick Magrath
Alcorn Sage Schwartz &
    Magrath, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph Chapo, Sherry Chapo,
and Deputy Big Shot, LLC,

*Appellants-Defendants,*

v.

Jefferson County Plan
Commission,

*Appellee-Plaintiff*

January 22, 2021

Court of Appeals Case No.
20A-CT-1197

Appeal from the
Jefferson Circuit Court

The Honorable Sally A.
McLaughlin, Special Judge

Trial Court Cause No.
39C01-1605-CT-380

**Vaidik, Judge.**

# Case Summary

[1]     In 2016, the Jefferson County Planning Commission ("JCPC") sued Joseph and Sherry Chapo and Deputy Bigshot, LLC (hereinafter "the Chapos"), alleging they were violating a zoning ordinance. The trial court granted a

preliminary injunction against the Chapos and later found them in contempt for violating the preliminary injunction. Thereafter, the Chapos discovered the JCPC members had not taken an oath before assuming office and moved for relief from judgment based on Indiana Code section 5-4-1-1, which requires "officers" to take an oath to support the United States and Indiana Constitutions before entering office. The Chapos asserted the JCPC members were officers required by Section 5-4-1-1 to take an oath and their failure to do so made the office vacant, which in turn meant the JCPC lacked standing to sue, the preliminary injunction and contempt orders were void, and the case should be dismissed. The trial court denied the motion, and the Chapos appeal.

[2] We affirm, concluding while the JCPC members are officers required to take an oath under Section 5-4-1-1, their failure to do so here did not invalidate the JCPC's actions because the members acted as de facto officers.

# Facts and Procedural History

[3] In May 2016, the JCPC filed a complaint against the Chapos, alleging they were violating a zoning ordinance by maintaining a shooting range on their property. In January 2017, the trial court granted the JCPC's request for a preliminary injunction against the Chapos. Later that month, the Chapos filed an interlocutory appeal of the preliminary injunction. In October, while the appeal was still pending, the trial court found the Chapos in contempt for continuing to operate the shooting range despite the preliminary injunction. The trial-court proceedings were then stayed pending the outcome of the

appeal. In May 2018, this Court affirmed the grant of the preliminary injunction, and in November the Indiana Supreme Court denied transfer. Proceedings began again in the trial court, with the Chapos moving for judgment on the pleadings in February 2019.

[4] In April, while that motion was still pending, the Chapos discovered the JCPC members had not taken and filed oaths of office. The Chapos then moved for relief from judgment under Indiana Trial Rule 60(B)(6), arguing the JCPC members' failure to take and file oaths violated Section 5-4-1-1 and made the offices vacant under Indiana Code section 5-4-1-1.2, which meant the JCPC lacked standing to file the original suit, the trial court's January and October 2017 orders are void, and the entire case should be dismissed.[1] A hearing on all pending motions—including the motion for relief—was held in July 2019. In November, the trial court issued an order which, in part, denied the Chapos' motion for relief.

[5] The Chapos now appeal.

# Discussion and Decision

[6] The Chapos argue the JCPC members' failure to take and file the required oath means the JCPC lacked standing to sue and therefore the trial court lacked

---

[1] While the Chapos' Rule 60(B) motion requests relief only from the October 2017 order, at the hearing the Chapos clarified they were also requesting relief from the January 2017 order.

authority to act, the January and October 2017 orders are void, and the case must be dismissed. Under Rule 60(B)(6), the trial court may relieve a party from a judgment if "the judgment is void[.]" A Rule 60(B) motion alleging a judgment is void requires no discretion by the trial court because the judgment is void or valid and, thus, our review is de novo. *Koonce v. Finney*, 68 N.E.3d 1086, 1090 (Ind. Ct. App. 2017), *trans. denied.*

[7] The Chapos first contend the oath required by Section 5-4-1-1 applies to members of the JCPC. We agree. Title 5 governs state and local administration, and Article 4 governs officers' bonds and oaths. The statute provides, in relevant part:

> (a) Except as provided in subsection (c)[2], **every officer** and every deputy, before entering on the officer's or deputy's official duties, shall take an oath to support the Constitution of the United States and the Constitution of the State of Indiana, and that the officer or deputy will faithfully discharge the duties of such office.

Ind. Code § 5-4-1-1(a) (emphasis added). No definition of the term "officer" is included in the statute. When the legislature has not defined a word, we give the word its common and ordinary meaning. *Vanderburgh Cnty. Election Bd. v. Vanderburgh Cnty. Democratic Cent. Comm.*, 833 N.E.2d 508, 510 (Ind. Ct. App. 2005). Black's Law Dictionary defines "officer" as one "who holds an office of

---

[2] The exception provided for in subsection (c) applies to "a deputy of a political subdivision." Ind. Code § 5-4-1-1(c). As the JCPC members are not deputies, the exception is not relevant here.

trust, authority, or command." *Black's Law Dictionary* 1257 (10th ed. 2019). And "office" is defined as a "position of duty, trust, or authority, especially one conferred by a governmental authority for a public purpose." *Id* at 1254. This definition follows the few prior holdings on the statute. We have held law-enforcement officers are "officers" under Section 5-4-1-1 because they "hold positions of substantial public responsibility." *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008); *see also Fields v. State*, 91 N.E.3d 597, 600 (Ind. Ct. App. 2017), *trans. denied*.

[8] However, the JCPC argues this definition sweeps too "broadly" and we should apply the statute to only "officials recognized by Indiana's Constitution and/or statute, and deputies appointed or hired by those elected officials." Appellee's Br. p. 24. However, we see no indication the legislature intended the term "officer" to be limited in this way. As such, we give the term its ordinary—albeit broad—meaning. And under that meaning, the JCPC members are officers. The JCPC is a plan commission established by Indiana law, *see* Ind. Code § 36-7-4-208, whose members "exercise planning and zoning powers" for the purpose of "improv[ing] the health, safety, convenience, and welfare of their citizens and to plan for the future development of their communities," Ind. Code § 36-7-4-201. Therefore, members of the JCPC are officers under the statute—and required to take the oath—because they hold positions of authority and exercise governmental powers to benefit the public.

[9] Nonetheless, the JCPC contends their failure to take and file the required oath does not mean they lacked standing because "the JCPC members qualified as

'de facto' officers, thereby the JCPC's decision to pursue injunctive relief was legally valid and not subject to collateral attack." Appellee's Br. p. 11. We agree. "The *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180 (1995). "This doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly functioning of the government despite technical defects in title to office." *Fields*, 91 N.E.3d at 600 (quotation omitted). In Indiana, all that is required to make an officer de facto is that they (1) claim the office, (2) be in possession of it, and (3) perform its duties under the color of election or appointment. *Carty v. State*, 421 N.E.2d 1151, 1154 (Ind. Ct. App. 1981). "The authority of a de facto official cannot be collaterally attacked." *Id.*

[10]     Failing to take the oath required by Section 5-4-1-1 is a "technical defect." *Fields*, 91 N.E.3d at 600. Therefore, to determine if the JCPC members acted as de facto officers, we apply the three-pronged *Carty* test—whether the JCPC members (1) claimed the offices, (2) were in possession of the offices, and (3) performed the duties under color of title. The JCPC members each claimed the offices on the date of their appointment. *See* Appellee's App. Vol. IV pp. 178-83. They thereafter possessed the offices. Each performed the duties of a JCPC member by publicly attending meetings, voting on issues, and holding

themselves out as members of the JCPC. *See* Appellee's App. Vol. III pp. 179, 198. And the JCPC members had color of title. "'Color' legally means an appearance, semblance or an apparent right." *Hendrickson v. State*, 253 Ind. 396, 254 N.E.2d 311, 333 (1970). JCPC members are appointed under Indiana Code section 36-7-4-208. And notably, the Chapos make no argument the JCPC members here were not properly appointed. *See* Appellant's Br. p. 26. As such, they had an apparent right to the offices. *See City of Terre Haute v. Burns*, 69 Ind. App. 7, 116 N.E. 604, 607 (1917) ("Where one is actually in possession of a public office, and discharging the duties thereof, the color of right which constitutes him a de facto officer may consist in an election or appointment . . . ."). Accordingly, we conclude they were acting as de facto officers when the lawsuit against the Chapos was filed.

[11]     The Chapos argue the JCPC members "were usurpers and not entitled to the status of *de facto* officers[.]" Appellant's Reply Br. p. 9. To be sure, a usurper cannot be a de facto officer. *Morten v. City of Aurora*, 96 Ind. App. 203, 182 N.E. 259, 262 (1932). But a usurper is "one who intrudes himself into an office which is vacant, or ousts the incumbent, without any color of title[.]" *Id.* (citation omitted). And here, the JCPC members were appointees with color of title, as explained above. They are not usurpers.

[12]     The Chapos also assert the JCPC members are not de facto officers because their failure to take and file the required oath made the offices vacant. *See* Ind. Code § 5-4-1-1.2 (stating if an individual appointed or elected to an office of a political subdivision does not comply with the oath requirement within thirty

days of taking office, the office becomes vacant). But a vacancy in an office does not preclude de facto status. *See United States v. Royer*, 268 U.S. 394, 397-98 (1925) (finding claimant a de facto officer of a vacant office).

[13] The JCPC members were required to take and file the oath set out in Section 5-4-1-1. However, invalidating the actions of the JCPC based on this technical defect would undermine the exact purpose of the de facto officer doctrine—"to insure the orderly functioning of the government despite technical defects in title to office." *Fields*, 91 N.E.3d at 601.

[14] We therefore affirm the trial court's denial of the Chapos' motion for relief from judgment.

[15] Affirmed.

Bailey, J., and Weissmann, J., concur.